There was evidence offered on the part of the State tending to prove the guilt of both the defendants. The defendants were not offered as witnesses, and did not testify in their own behalf at the trial of the cause.
Upon the trial the defendants introduced James Miller as a witness, and asked the witness if he knew the general character of Hice, to which he answered "Yes." "What is it?" To this the State Solicitor objected. Objection was sustained by the court, the answer excluded, and the defendants excepted.
The counsel for the defendants then proposed to prove by said witness that the general character of the feme defendant was good. The Solicitor objected. Objection sustained by the court, and defendants excepted.
There was a verdict of guilty. Rule for a new trial by defendants, assigning as cause for a new trial the exclusion of the evidence offered as to the general character of the defendant Hice, and also as to character of the feme defendant.
Motion was refused, and defendants appealed. *Page 537 
"In all cases a person accused of a crime of any grade, whether a felony or a misdemeanor, has a right to offer in his defense testimony of his good character." S. v. Henry, 50 N.C. 65; S. v. Johnson, 60 N.C. 151; S. v.Laxton, 75 N.C. 216; 3 A. E., 111. This right is not dependent upon the defendant having been examined as a witness in his own behalf, and was recognized long before defendants were made competent to testify. It is limited to evidence of general character, and opens the door, which would be otherwise closed, to the prosecution to show the defendant's general bad character either by cross examination of by other witnesses. Rex v.Stannard, 7 Carr. P., 673; 2 Hawkins P. C., ch. 46, sec. 194. In excluding the testimony there was
Error.
Cited: S. v. Green, 152 N.C. 838; S. v. Holly, 155 N.C. 492; S. v.Robertson, 166 N.C. 361; S. v. Morse, 171 N.C. 778.