# GREER *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 504.   Argued January 18, 1918.—Decided January 28, 1918.

There is no presumption in a criminal case that the accused is of good character.

A presumption upon a matter of fact, when it is not merely a disguise for another principle, means that common experience shows the fact to be so generally true that courts may notice the truth.

The District Court in a criminal trial is not bound by the rules of evidence as they stood in 1789. *Rosen* v. *United States, ante,* 467.

240 Fed. Rep. 320, affirmed.

THE case is stated in the opinion.

*Mr. James C. Denton,* with whom *Mr. Frank Lee* was on the brief, for petitioner.

*Mr. Assistant Attorney General Warren,* for the United States, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

The petitioner was tried for introducing whiskey from without the State into that part of Oklahoma that formerly was within the Indian Territory. He was convicted and sentenced to fine and imprisonment. Material error at the trial is alleged because the court refused to instruct the jury that the defendant was presumed to be a person of good character, and that the supposed presumption should be considered as evidence in favor of the accused, with some further amplifications not necessary to be repeated. The court did instruct the jury that the de-

fendant was presumed to be innocent of the charge until his guilt was established beyond a reasonable doubt, and that the presumption followed him throughout the trial until so overcome. The Circuit Court of Appeals sustained the court below. 240 Fed. Rep. 320. 153 C. C. A. 246. This judgment was in accordance with a carefully reasoned earlier decision in the same circuit, *Price* v. *United States*, 218 Fed. Rep. 149; 132 C. C. A. 1, with an acute statement in *United States* v. *Smith*, 217 Fed. Rep. 839, and with numerous state cases and text books. But as other Circuit Courts of Appeal had taken a different view, *Mullen* v. *United States*, 106 Fed. Rep. 892, 46 C. C. A. 22; *Garst* v. *United States*, 180 Fed. Rep. 339, 344, 345, 103 C. C. A. 469, also taken by other cases and text books, it becomes necessary for this court to settle the doubt.

Obviously the character of the defendant was a matter of fact, which, if investigated, might turn out either way. It is not established as matter of law that all persons indicted are men of good character. If it were a fact regarded as necessarily material to the main issues it would be itself issuable, and the Government would be entitled to put in evidence whether the prisoner did so or not. As the Government cannot put in evidence except to answer evidence introduced by the defence the natural inference is that the prisoner is allowed to try to prove a good character for what it may be worth, but that the choice whether to raise that issue rests with him. The rule that if he prefers not to go into the matter the Government cannot argue from it would be meaningless if there were a presumption in his favor that could not be attacked. For the failure to put on witnesses, instead of suggesting unfavorable comment, would only show the astuteness of the prisoner's counsel. The meaning must be that character is not an issue in the case unless the prisoner chooses to make it one; otherwise he would be foolish to open the

door to contradiction by going into evidence when without it good character would be incontrovertibly presumed. *Addison* v. *People,* 193 Illinois, 405, 419.

Our reasoning is confirmed by the fact that the right to introduce evidence of good character seems formerly to have been regarded as a favor to prisoners, MacNally, Evidence, 320, which sufficiently implies that good character was not presumed. In reason it should not be. A presumption upon a matter of fact, when it is not merely a disguise for some other principle, means that common experience shows the fact to be so generally true that courts may notice the truth. Whatever the scope of the presumption that a man is innocent of the specific crime charged, it cannot be said that by common experience the character of most people indicted by a grand jury is good.

It is argued that the court was bound by the rules of evidence as they stood in 1789. That those rules would not be conclusive is sufficiently shown by *Rosen* v. *United States, ante,* 467. But it is safe to believe that the supposed presumption is of later date, of American origin, and comes from overlooking the distinction between this and the presumption of innocence and from other causes not necessary to detail.

*Judgment affirmed.*

Mr. Justice McKenna dissents.