## HOOD v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 25, 1926.)

No. 7307.

1. **Criminal law** ⬅️⟹1038(1), 1056(1).

Questions relating to instructions, as to which there were no objections or exceptions taken, are not subject to review.

2. **Poisons** ⬅️⟹9.

Presumption of purchase of morphine because of jury's finding of guilt of sale and possession *held* insufficient to sustain conviction on count for purchase.

3. **Poisons** ⬅️⟹9.

Evidence in prosecution under Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. § 6287g), for sale of morphine, *held* for jury.

**4. Criminal law ⟨⟩1177.**

Sentence on count to run concurrently with longer sentence on another count, as to which evidence sustained conviction, *held* immaterial.

**5. Criminal law ⟨⟩1169(11).**

Admitting evidence of purchase of morphine at different time than charged, in explanation of affidavit which defendant's counsel had inquired about, *held* not prejudicial error.

**6. Criminal law ⟨⟩1137(5).**

Defendant cannot complain of admission of evidence elicited by his own counsel.

**7. Criminal law ⟨⟩1186(4).**

Under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. § 1246), evidence admitted over objections on trial under Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. § 6287g), though immaterial, *held* not prejudicial.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Fred Hood was convicted of the unlawful purchase, unlawful possession, and unlawful sale of one ounce of morphine, and he brings error. Reversed as to the first count, and affirmed on the other counts.

Warren K. Snyder, of Oklahoma City, Okl. (R. P. Hill and Edward C. Snyder, both of Oklahoma City, Okl., on the brief), for plaintiff in error.

W. L. Coffey, Asst. U. S. Atty., of Tulsa, Okl. (John M. Goldesberry, U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and JOHN B. SANBORN, District Judge.

KENYON, Circuit Judge. Plaintiff in error was convicted in the United States District Court for the Northern District of Oklahoma upon each of the three counts of an indictment charging him respectively with the unlawful purchase of one ounce of morphine on the 23d day of July, 1925, with having unlawful possession of the same, and with making an unlawful sale thereof in violation of the provisions of the Act of Congress of December 17, 1914, § 1, as amended by the Act of Congress of February 24, 1919, § 1006, commonly known as the Harrison Anti-Narcotic Act (section 6287g, vol 1, 1919 Supp. U. S. Compiled Statutes of 1916).

[1] Plaintiff in error filed 25 assignments of error, many of which are not argued, and as to a number of which the objections now urged were not in any way suggested in the trial court. For instance, counsel for plaintiff in error argues as to the failure of the court to give a certain instruction requested, but admits that this instruction is not found in the record. He also argues as to the impropriety of certain instructions given. There were no objections or exceptions taken to any of the instructions. Hence questions relating thereto are not before us. There is no necessity of taking up the assignments of error seriatim.

The important ones relate to the action of the court in refusing to sustain a motion to require the government to elect upon which count of the indictment it relied for conviction; for refusing to sustain the demurrers to the various counts of the indictment at the conclusion of the plaintiff in error's case, and in not sustaining the motion to direct a verdict for plaintiff in error upon each of the counts of the indictment; also alleged errors in admitting evidence over objections; also certain remarks of the court which it is claimed tended to prejudice the rights of plaintiff in error and to influence the jury to disbelieve his testimony. In view of the conclusion reached, as hereinafter announced, it is unnecessary to consider the question raised with regard to defendant's motion to require the government to elect upon which count of the indictment it relied for conviction.

[2] We are satisfied from a careful examination of the record that there was absolutely no evidence in the case to sustain the first count of the indictment, which is the one relating to the purchase. Some effort is made by the government in its brief to sustain the conviction on this count, not by reason of any evidence, but by virtue of a claimed presumption of purchase arising from the fact that the jury found the defendant guilty on the third or the sale count. It must be borne in mind that this is not a case of admitted possession of the drug, from which inferences and presumptions under the statute might be drawn. Possession was denied. To say that, because a jury found plaintiff in error guilty of a sale and also of possession, a presumption of purchase arises sufficient in itself to warrant conviction, and relates back to the time the court passed on the motion, is in our judgment carrying the doctrine of presumption entirely too far. Without pursuing this subject further, we may say we have reached the conclusion that the court should have directed a verdict of acquittal on the first count.

[3, 4] We pass to the third count, which charges that defendant did "willfully, unlawfully, and feloniously sell, barter, and exchange, to one George H. Glessner, one ounce

of morphine, which said morphine, at the time of said sale, barter, and exchange, was not in pursuance of a written order of the said George H. Glessner, and not within any of the exceptions or exemptions providing for the sale, barter, or exchange of narcotics in the aforementioned act of Congress." There was testimony to sustain this charge. George Glessner testified directly to buying an ounce of morphine from defendant and paying therefor the sum of $100. Fred Glessner testified that he was present with his brother on the 23d day of July, 1925, when the morphine was purchased, and detailed the transaction. It was for the jury to say whether the testimony of the Glessners was true. If it was true, the offense of sale was abundantly established. There was no error in overruling the motion to instruct a verdict on the third count. In view of this conclusion, it is unnecessary to consider the questions raised as to the second count, and for this reason:

The sentence of the court was as follows: "It is thereupon by the court here considered, ordered, and adjudged that the defendant, Fred Hood, for the crime by him committed as charged in the first count of the indictment, be imprisoned in the federal penitentiary at Leavenworth, Kan., and confined for the term of five (5) years from date of delivery, or, until released by due process of law; and it is further considered, ordered, and adjudged that the defendant, Fred Hood, for the crime by him committed as charged in the second count of the indictment, be imprisoned in the federal penitentiary at Leavenworth, Kan., and confined for the term of two (2) years, said sentence to run consecutively with sentence imposed in first count; and it is further considered, ordered, and adjudged that the defendant, Fred Hood, for the crime by him committed as charged in the third count of the indictment, be imprisoned in the federal penitentiary at Leavenworth, Kan., and confined for the term of five (5) years, said sentence to run concurrent with sentences imposed in counts 1 and 2."

Sustaining as we do the conviction on the third count, it is apparent that the sentence on the second count becomes immaterial, as the defendant on the third count is sentenced for five years, which sentence runs concurrently with the sentence imposed on the first and second counts. Hence the commitment of defendant would be for five years under the third count, and the sentence under the second count would be completed when the five-year term under the third count had been served.

[5, 6] Assignment of error 13 relates to the admission of certain evidence offered by the United States as follows:

"Q. Now counsel has asked you about an affidavit you made in which he asked you if you didn't state in the affidavit that you purchased this morphine on Federal Drive; did you purchase some morphine from this defendant on Federal Drive?

"Mr. Hill: We object to that, your honor; the allegation in the indictment is that he purchased on the 23d day of July, and his testimony shows out here at the Country Club, and the other purchases would be immaterial.

"The Court: You may ask him in connection you inquire about. Only admitted for the purpose of sustaining the affidavit.

"Q. Did you state in your affidavit that you did purchase this morphine on Federal Drive, Mr. Glessner? A. I don't remember whether it was in the affidavit or not, but I had purchased stuff on Federal Drive from Fred Hood.

"Mr. Hill: We object to that and ask that it be stricken.

"The Court: As I say, I will let it remain in the record in so far as it explains any statement that may appear in the affidavit.

"Mr. Hill: Exception.

"Mr. Coffey: That is all."

We see no prejudicial error in the admission of this evidence, but in any event the testimony concerning the affidavit and the transaction on Federal Drive was elicited by counsel for plaintiff in error, and he cannot be heard to complain of testimony so elicited from a witness.

[7] There are many other assignments of error regarding the admission of testimony, such as the testimony of officers that the Glessners were arrested at their home, and that the witnesses observed cans and receptacles around the place. Other evidence admitted over objection of defendant tended to show the amount or quantity of morphine used by the witnesses, Glessners, and their use of morphine by means of hypodermic injection. Even were this evidence immaterial, there was no prejudicial error resulting to plaintiff in error from any of these rulings of the court; nor do we think the assignment of error as to certain remarks of the court is of serious import. No prejudice could have resulted therefrom.

Except as to the error of the court in not sustaining the motion to direct a verdict on the first count, this record presents a situation where that part of section 269 of the Judicial Code, as amended by Act Feb. 26, 1919 (Comp. St. § 1246), reading as follows,

should apply: "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

Whatever errors there may have been do not affect the substantial rights of the plaintiff in error. The facts of the case are simple, and the jury was fully warranted under the evidence in finding defendant guilty on the third count, and that in effect disposes of the case in the practical aspect of the matter. The judgment is reversed as to count 1, and sustained as to counts 2 and 3.

Affirmed.