## KILLIAN v. UNITED STATES.

Court of Appeals of District of Columbia.

Submitted October 1, 1928. Decided November 5, 1928.

No. 4753.

Abner Siegal, of Washington, D. C., for appellant.

Leo A. Rover and William H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appellant was convicted in the Supreme Court of the District under an indictment charging him with the illegal purchase of five cubic centimeters of cocaine hydrochloride and one cubic centimeter of morphine sulphate, and sentenced to the penitentiary for a term of three years.

The evidence for the government tended to show that appellant was taken into custody by two policemen in the early morning of May 12, 1927, after they had found him asleep in his automobile, the doors of which were locked. Appellant "staggered around like a drunken man will." While on the way to the police station in the officers' automobile, appellant took from his pocket and threw upon the pavement two bottles of liquid and a hypodermic syringe with a needle in it. One of these bottles still had some liquid in it when picked up by the officers. The other one was entirely broken, but some of its contents, which had formed a puddle in the street, was sucked up by the same officers by means of the syringe. Thereupon appellant was searched, and a nickel-plated case of needles taken from one of his pockets. The evidence clearly tended to show that the contents of one of the bottles was morphine sulphate, and of the entirely broken bottle cocaine hydrochloride.

Appellant offered no evidence, but his counsel moved for a directed verdict on the ground that the government had failed to offer proof of venue; in other words, that proof of possession and the absence of revenue stamps were insufficient as a matter of law to authorize a conviction, notwithstanding the provisions of the Narcotic Act of December 17, 1914 (38 Stat. 785), as amended by the Act of February 24, 1919 (40 Stat. 1057, 1130, 1131).

In Casey v. United States, 276 U. S. 413, 48 S. Ct. 373, 72 L. Ed. 632, where the question was involved, the court said: "With regard to the presumption of the purchase of a thing manifestly not produced by the possessor, there is a 'rational connection between the fact proved and the ultimate fact presumed.' Luria v. United States, 231 U. S. 9, 25 [34 S. Ct. 10, 58 L. Ed. 101]; Yee Hem v. United States, 268 U. S. 178, 183 [45 S. Ct. 470, 69 L. Ed. 904]. Furthermore there are presumptions that are not evidence in a proper sense but simply regulations of the burden of proof. Greer v. United States, 245 U. S. 559 [38 S. Ct. 209, 62 L. Ed. 469]. The statute here talks of prima facie evidence, but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates. 4 Wigmore, Evidence, § 2494. It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts peculiarly within their knowledge and hidden from discovery by the Government. 4 Wigmore, Evidence, § 2486. In dealing with a poison not commonly used except upon a doctor's prescription easily proved, or for a debauch only possible by a breach of law, it seems reasonable to call on a person possessing it in a form that warrants suspicion to show that he obtained it in a mode permitted by the law. The petitioner cannot complain of the statute except as it affects him."

In that case the evidence of possession was circumstantial. In the present case, proof of possession of a considerable quantity of narcotics was beyond a reasonable doubt. Therefore, under the ruling in the Casey Case, there was sufficient evidence to take the case to the jury.

Judgment is affirmed.

Affirmed.