## MINNESOTA PIG & CATTLE CO. v. RORICK.

### No. 5450.

Circuit Court of Appeals, Sixth Circuit.
June 12, 1930.

David L. Grannis, of South St. Paul, Minn. (Baldwin & Alexander, of Adrian, Mich., on the brief), for appellant.

B. D. Chandler, of Hudson, Mich. (C. L. Robertson, of Adrian, Mich., on the brief), for appellee.

Before DENISON, MACK, and HICKS, Circuit Judges.

HICKS, Circuit Judge.

Suit for fraudulent misrepresentation of the condition of certain pigs sold to appellee by appellant. Appellee had a verdict and judgment. The contract is embodied in the following telegrams exchanged, in their order, between the parties:

"North Morenci, Mich. June 14, 1926.
"Minnesota Pig & Cattle Co.,
"S. St. Paul, Minn.
"What can you furnish another load of pigs for? If market cheaper will buy another."
"[Signed]   C. H. Rorick."

"S. St. Paul, Minn. June 14, 1926.
"C. H. Rorick, North Morenci, Mich.
"Best price today $15.50 plus vaccination."
"[Signed]
"Minnesota Pig & Cattle Company."

"North Morenci, Mich. June 16, 1926.
"Minnesota Pig & Cattle Co.,
"S. St. Paul, Minn.
"Ship double deck pigs weight 115 to 20 *extra good quality*. Try to have them cheaper."
"[Signed]   C. H. Rorick."

"North Morenci, Mich. June 19, 1926.
"Minnesota Pig & Cattle Co.,

"S. St. Paul, Minn.

"*Want this load for my own feed lot. Please get them the right kind* with plenty of stretch. *Watch out for piggy sows.* Wire Monday if you will fill this order first of week."

"[Signed]  C. H. Rorick."

"South St. Paul, Minnesota,

June 21, 1926.
"Mr. C. H. Rorick, Morenci, Mich.

"Forwarding you tomorrow double deck *good quality pigs* average 114 pounds, cost you $15.75 plus vaccination, routed as formerly by the Great Western and Wabash Railway to North Morenci, Michigan, draft through First National Bank. Thank you kindly."

"[Signed]

"Minnesota Pig & Cattle Company."

(Above italics ours.)

On June 22d at about 7 p. m. appellant delivered to the Chicago Great Western Railroad at South St. Paul, Minn., 256 triple vaccinated pigs weighing about 114 pounds each, consigned to appellee at North Morenci, Mich., to be shipped over the Chicago Great Western Railroad and its connecting line, the Wabash Railroad. Under the contract delivery to the railroad was delivery to appellee. These pigs had been vaccinated that day and were loaded into two single deck C. G. W. cars, No. 6183 and No. 6935 respectively, instead of into a double deck car as directed. In the meantime appellant had forwarded its sight draft for collection through the First National Bank at Morenci. Relying upon appellant's telegram of June 21st that it was forwarding "good quality pigs" appellee paid the draft before any pigs arrived. On June 25th at about 11:30 a. m. the Wabash Company placed the cars No. 6183 and No. 6935 at appellee's unloading chute near North Morenci and nearby his farm. Each car contained 128 vaccinated pigs, having an average weight of about 114 pounds. While these pigs were being unloaded and driven to the farm it was discovered that many of them were sick. They were infected with cholera. In addition there were in the lot 35 or 40 "piggy sows" and a number of "rough hogs," i. e., an inferior grade of pigs. These "piggy sows" and "rough hogs" were unfit for feeding purposes, as were, of course, the infected pigs. 158 or 159 of the pigs died from cholera before the last of August. Expert opinion evidence indicates strongly that these pigs were infected with cholera before they were vaccinated, else they would most probably have not become infected at all. Vaccination is a preventive rather than a cure.

Applying to the above scarcely controverted facts, the principle that false representations by the seller to the buyer, whether innocently or fraudulently made, as to the quality of the property sold, and intended as an inducement to the bargain and having that effect, whereby the buyer is injured, are equivalent to a warranty and constitute ground for damages (Smith v. Richards, 13 Pet. 26, 36, 10 L. Ed. 42; Hogg & Belcher v. Cardwell, 4 Sneed. (36 Tenn.) 151, 157; Waterbury v. Russell, 8 Baxt. (67 Tenn.) 159, 162; Williston on Contracts, Vol. 3, § 1504), there was certainly no error in the denial of a directed verdict, if there was substantial evidence tending to show that the pigs unloaded at North Morenci were the same pigs consigned to appellee at South St. Paul. The burden was upon appellee to so identify the pigs, and appellant insists that he has failed to do so. To this proposition we cannot agree. The pigs shipped corresponded in number, weight, and the fact of vaccination with those delivered. The freight bill made up at North Morenci and delivered to appellee on June 25th by the Wabash Company was introduced without objection and indicated that the pigs delivered at North Morenci had been waybilled from South St. Paul on June 22d and routed over the Great Western, the Wabash, and perhaps connecting roads.

Further, the presumption is that the carriers acted rightfully and delivered the same pigs consigned to them. This presumption arises from the recognized fact that carriers usually make correct deliveries.

"A presumption upon a matter of fact * * * means that common experience shows the fact to be so generally true that courts may notice the truth." Greer v. U. S., 245 U. S. 559, 561, 38 S. Ct. 209, 210, 62 L. Ed. 469.

It would be so unusual that 256 vaccinated pigs of the average weight of 114 pounds should, en route, be substituted for 256 other vaccinated pigs of the same average weight that the presumption to the contrary remains throughout the case as evidence for the jury. The evidence advanced that the pigs were fed en route and were probably unloaded for feeding, to comply with the 28-hour law, and that while they were unloaded they were probably substituted for other pigs cannot avail on a motion for a directed verdict. The

motion together with the corelated requests to charge were therefore properly denied.

On the prima facie case that the pigs delivered were those consigned, the court properly admitted evidence of their condition and treatment after their arrival at the farm of appellee at North Morenci, and the assignments of error based thereon are not well taken. It is urged that the court improperly instructed the jury in substance that the measure of damages for the pigs that died was their purchase price. This instruction was substantially correct, was not excepted to, and is not discussed in the brief; nor do we find any prejudicial error in the admission of the testimony or the charge of the court upon the measure of damages for the delivery of "rough hogs" and "piggy sows." All other assignments of error have been considered and found without merit.

The result is, the judgment of the lower court is affirmed.