## SUTHERLAND v. UNITED STATES.
### No. 4208.

Circuit Court of Appeals, Fourth Circuit.
Sept. 27, 1937.

S. H. Sutherland, of Clintwood, Va. (Geo. C. Sutherland, of Clintwood, Va., on the brief), for appellant.

Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., and Howard C. Gilmer, Jr., Asst. U. S. Atty., of Pulaski, Va.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a criminal case wherein the defendant was convicted of concealing and removing distilled spirits upon which the internal revenue tax had not been paid. The principal assignments of error relate to the admission of evidence obtained by state officers in the course of a search under an invalid search warrant, the admission of evidence as to the finding of liquor on defendant's premises on another occasion nearly a year prior to the time of the offense for which he was being tried, and the refusal to permit testimony as to the general character of the defendant in advance of his taking the witness stand in his own behalf. In the view which we take of the case, questions raised by other assignments need not be considered.

The evidence shows that the defendant, who is employed as a laborer in a lumber plant in Dickenson county, Va., lives with his wife and six children, three of whom are grown, in a house about a mile from the lumber plant. His wife operates a restaurant in the house and occasionally takes boarders. On March 13, 1937, an investigator of the Virginia Alcoholic Beverage Control Board obtained a warrant from the mayor of Clintwood, Va., to search these premises. The warrant recited merely that the investigator had made oath on infor-

mation and belief that alcoholic beverages were possessed there contrary to law, without showing either the sources of his information or the grounds of his belief and without any accompanying affidavit in which these were set forth. Under this warrant the investigator searched the premises of defendant and found at two different places a total of two gallons of "moonshine", whisky. He did not prosecute the defendant in the state courts for the possession of this whisky, but turned him over to the federal officers who adopted the case and prosecuted it in the federal courts in a proceeding commenced by a warrant before a United States commissioner and continued by the indictment and prosecution herein. It is stipulated in the record "that state officers generally understood that where they have made a seizure of illicit liquor they are at liberty to consult with the federal officers with a view to determining whether or not the federal officers adopt the case and institute a federal prosecution against the particular offender; that they frequently do pursue this course and that frequently such cases are adopted."

On the trial below the government, over the objection of the defendant, was allowed to introduce the testimony of the state officers as to the finding of the liquor in the course of the search. Defendant testified in his own behalf that his wife and children ran the house while he was at work in the lumber plant and that he had no knowledge with respect to the liquor that had been found and no interest in it. On cross-examination he was asked as to having liquor in his house at other times and denied having had any at any time except a little which he had purchased at the A. B. C. stores for his own use. Over his objection, the specific question was asked as to liquor found on his premises by a state officer about a year before the trial and about ten months before the search of March 13th. He denied that he told the officers at that time that liquor which they had found upon his premises was for his personal use. They were permitted, however, over his objection, to testify in rebuttal that they searched his premises at that time and found a half gallon of liquor in a fruit jar, that defendant at the time of the search said that it was a little that he had for his personal use, but that, on the trial for its possession, he denied any knowledge of it. They further testified

that upon that trial defendant was acquitted of the charge preferred against him.

Before defendant testified in the court below, he offered to prove his general reputation both as a law-abiding citizen and for truth and veracity by two witnesses. This testimony was excluded, although counsel avowed their intention of calling defendant as a witness, and it was not subsequently offered. The record shows that the trial judge stated as his reason for excluding it that "the defendant had not testified at the time the evidence was offered and the court could not foretell what the evidence of the defendant would be and whether it was of such nature as would justify supporting it by evidence of the defendant's general reputation for truthfulness."

We think that there was error in admitting the evidence obtained as a result of the search. The warrant under which the officers acted, not being supported by affidavit showing facts constituting probable cause for the belief that liquor was possessed on the premises in violation of law, did not meet the requirements of the Fourth Amendment to the Constitution. Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159. It is true that, since that amendment is not a limitation upon the powers of the states, evidence obtained by state officers acting entirely on their own account will not ordinarily be excluded even though obtained in the course of a search which would have violated the constitutional provision if conducted by federal officers. Fisher v. United States (C.C.A.4th) 2 F.(2d) 843; Myers v. United States (C.C.A.4th) 49 F.(2d) 230; Byars v. United States, 273 U.S. 28, 33, 47 S.Ct. 248, 250, 71 L.Ed. 520. But we think that, where the state and federal officers have an understanding that the latter may prosecute in the federal courts offenses which the former discover in the course of their operations, and where the federal officers adopt a prosecution originated by state officers as the result of a search made by them, the same rule as to the admissibility of evidence obtained in the course of the search should be applied as if it were made by the federal officers themselves or under their direction. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 138, 72 L.Ed. 293, 52 A.L.R. 1381. It is true that in the Gambino Case it is stated that the "wrongful arrest, search, and seizure were

made solely on behalf of the United States"; but we do not think that this is sufficient to distinguish that case from this, where there was general co-operation between state and federal officers and where the federal officers in fact adopted the prosecution which the state officers had begun as a result of their search. It is the fact that there was such co-operation and adoption and not the fact that the search was made solely in behalf of the United States which in our opinion is the determining factor; for, whether the arrest, search, and seizure be made solely on behalf of the United States or not, it remains true that "the rights guaranteed by the Fourth and Fifth Amendments may be invaded as effectively by such co-operation as by the state officers acting under direction of the federal officials."

And we think there was error in admitting evidence as to the finding of whisky on defendant's premises ten months before the alleged commission of the crime for which he was being prosecuted and as to his statements made in connection therewith. Evidence of similar offenses committed at or about the same time is admissible when the question of intent, purpose, design, or knowledge is involved. See Breedin v. United States (C.C.A.4th) 73 F.(2d) 778, 780 and cases there cited. But the other offenses as to which evidence is offered must be so nearly related in time and place as to have some tendency to prove the commission of the crime charged. Simpkins v. United States (C.C.A.4th) 78 F.(2d) 594, 595, 597. Proof of finding whisky on defendant's premises ten months before the offense for which he was being tried had no reasonable tendency to prove that offense; but it did have a tendency, coupled with the conflicting statements attributed to him, to prejudice him greatly in the eyes of the jury. And the mere fact that defendant had been acquitted of the charge as to which this evidence was offered was sufficient in itself to require that it be excluded. By no possible stretching of the rule permitting proof of other offenses in the limited class of cases to which we have referred can it be permissible to introduce evidence tending to prove defendant guilty of a crime other than that for which he is on trial, where it appears that as a matter of fact he has been acquitted of the other crime.

And the testimony as to the prior offense is not relevant on the theory that it was in contradiction of the evidence of defendant. His direct examination was confined to a denial of the specific crime charged; and nothing is better settled than that a witness, whether a party or not, may not be asked questions as to irrelevant matters on cross-examination for the purpose of contradicting his answers and thus discrediting him. 70 C.J. 805; United States v. Dickinson, 2 McLean 325, 25 Fed.Cas. 850, No. 14,958; Odiorne v. Winkley, 18 Fed.Cas. 581, No. 10,432.

We think, also, that there was error in excluding the testimony offered by defendant as to his general reputation as a law-abiding citizen. This was admissible whether he took the stand as a witness or not. Greer v. United States, 245 U.S. 559, 38 S.Ct. 209, 62 L.Ed. 469; Hoback v. United States (C.C.A.4th) 284 F. 529; United States v. Breese (D.C.) 131 F. 915; Searway v. United States (C.C.A.8th) 184 F. 716; United States v. Kenneally, 26 Fed. Cas. 760, No. 15,522; State v. Green, 152 N.C. 835, 68 S.E. 16; State v. Hice, 117 N.C. 782, 23 S.E. 357; 16 C.J. 580; 8 R. C.L. 207. The admissibility of evidence as to his reputation for truth and veracity depended upon his taking the stand as a witness and testifying to facts as to which his credibility might be questioned; but, as the record shows that his counsel stated that he would take the stand, we do not see why the testimony was not received when offered. It was within the discretion of the court to permit the introduction of such testimony out of order; and there could have been no reasonable question about its being admissible if defendant took the stand, since the mere fact that he stood accused of crime and the jury were bound to consider his interest in the outcome of the case was sufficient to justify evidence of good character in support of any testimony that he might give.

For the reasons stated, the judgment appealed from will be reversed and the case will be remanded for a new trial.

Reversed.

NORTHCOTT, Circuit Judge, dissents.