UNITED STATES of America
v.
Philip Paul SILBERT.
Crim. No. 23762.

United States District Court
D. Maryland, Criminal Division.
May 1, 1957.

Leon H. A. Pierson, U. S. Atty., and John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Melvin J. Sykes and Maurice T. Siegel, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Defendant, charged with receiving wagers in a numbers lottery without having paid the tax imposed by 26 U.S.C.A. § 4411, has moved to suppress certain lottery slips and other evidence taken from his locked automobile by State police officers without a search warrant. He argues: (1) that since Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, held that such a search and seizure violates rights under the Fourteenth Amendment, evidence so obtained should not be admitted in a federal prosecution; and (2) that there has been such a pattern of cooperation between state and federal officers that the same rule should be applied as if the search had been made by the federal officers themselves or under their direction, and that the evidence should, therefore, be suppressed under the Fourth and Fifth Amendments.

The government concedes that the search of the automobile was not authorized by any search warrant and was made without legal justification. The state prosecution was dismissed because the only evidence against the defendant had been illegally obtained.

The evidence shows that in November, 1955, a meeting was arranged between representatives of the Baltimore City Police Department and of the Intelligence Division, Internal Revenue Service, to work out some arrangement to avoid the confusion which frequently arises when state and federal officers work on the same case, and to determine what should be done with automobiles involved in gambling, and with money confiscated by the police in gambling raids. It was agreed that whenever the police found a violation over which Internal Revenue would have jurisdiction, the police would notify the federal agents of that violation. For example, if the Rackets Division found gambling paraphernalia in a motor vehicle, its officers would contact the federal agents promptly, so that they could come to the scene of the raid and take appropriate action. The Assistant Chief of the Intelligence Division testified: "The agreement was that unless there was some unusual reason for calling us in to participate in a particular raid or perhaps there was some technicality which would constitute a local violation that ordinarily they would call us after the raid and we would then go down and examine the evidence which they had acquired." The agreement has been carried out generally, and particularly in the raid which gave rise to this case.

■ In Sutherland v. United States, 4 Cir., 92 F.2d 305, 307–308, the court held that where "state and federal officers have an understanding that the latter may prosecute in the federal courts offenses which the former discover in the course of their operations, and where the federal officers adopt a prosecution originated by state officers as the result of a search made by them, the same rule as to the admissibility of evidence obtained in the course of the search should be applied as if it were made by the federal officers themselves or under their direction. * * * 'the rights guaranteed by the Fourth and Fifth Amendments may be invaded as effectively by such co-operation as by the state officers acting under direction of the federal officials.'" See also Wheatley v. United States, 4 Cir., 159 F.2d 599. Cf. Kitt v. United States, 4 Cir., 132 F.2d 920.

■ The motion to suppress the evidence should, therefore, be granted. This decision makes it unnecessary to pass upon the constitutional question raised by defendant's first point.

Motion granted.