**Dudley Clarence HARBOLD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 5772.

United States Court of Appeals Tenth Circuit.

April 24, 1958.

James R. Toulouse (of McAtee, Toulouse & Marchiando), Albuquerque, N. M., for appellant.

James A. Borland, Albuquerque, N. M., for appellee.

Before BRATTON, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant has appealed from a conviction and sentence for unlawful possession and sale of narcotics. 21 U.S. C.A. § 174 and 26 U.S.C.A. § 4705(a). At the outset, he challenges the sufficiency of the evidence to support the guilty jury verdict, and assigns as error the refusal of the trial court to direct a verdict of acquittal.

The salient facts are not in dispute. On June 20, 1957, in Albuquerque, New Mexico, a narcotic officer and a city policeman, by previous arrangement, followed a government witness or informer about five miles north on Second Street in Albuquerque, where both cars stopped. One of the officers searched the witness' automobile; the other searched his person, for narcotics. Finding none, the narcotic officer gave him $55 in cash. After they returned to their respective automobiles, the officer followed the witness to the appellant's home. The witness turned on a side street and proceeded to the side door. The officers continued south for a block or so and turned parallel to the side of the house. From this point, one of the officers observed the witness with six-power glasses, the other without the aid of glasses. They saw him knock on the door, and then apparently talk to some one in the house. He was standing very close to the door with his left side facing the officers. They did not see the door open, nor did they

see any one appear at the door from inside the house. After about three minutes, the witness left the door, came back to his car, turned around in the street, and after being followed by the officers for some distance, the cars stopped and the witness delivered a package which admittedly contained contraband heroin. The witness was never out of the vision of the officers.

The witness testified that the appellant came to the door in response to his knock; that he told appellant he had heard he had some "good stuff" and that he was sick and wanted to buy a gram; that the appellant did not want to sell "because there are too many rats in town", but finally went back and returned in two or three minutes with the narcotics for which he paid him $55, and which he later delivered to the officers. The witness had been or was then an addict, and had known the appellant for two or three years.

The theory of the defense is to the effect that the search of the automobile and of the person of the witness was not sufficiently thorough to eliminate the possibility that the heroin later delivered to the officers was in the car or on the person of the witness at the time of the search; and not having searched the witness for the $55 after his visit to the appellant's door, the evidence did not eliminate the possibility that the witness had the narcotics on his person or in his automobile at the time; and that he did not receive the drugs from the appellant or pay him the $55. The appellant stresses the fact that the witness was within the close vision of the officers at all times while he was standing at appellant's door, and that they neither saw the screen door nor any other door open, nor the appellant; that if the door had opened or the appellant had come to the door, the officers would surely have seen the door open and the appellant thereat. The appellant also stresses the unreliableness of the witness as casting grave doubt on his story.

■■ But the question of the credibility of the witness was of course for the jury, as was the thoroughness of the search, and the likelihood that the transaction was faked. We think the evidence was clearly sufficient to support the verdict.

The appellant also complains of the admission of testimony of the narcotic agent concerning a visit the appellant made to his office on June 26, six days after his arrest. After the agent testified that he had a conversation with appellant in his office on that date, and was then asked to state what happened, appellant's counsel objected as having no bearing on the June 20 "incident". The court replied that he could not determine the relevancy of the testimony, and without further objections the witness was permitted to state that the appellant talked about going to the United States Public Health Service Hospital in Fort Worth, Texas, for treatment of his addiction; that he was disgusted with himself and wanted to undergo a cure; that he admitted using heroin, but "wasn't selling any because there are too many rats in this town".

■ After cross examination, the appellant moved for a mistrial on the grounds that the agent's testimony concerning appellant's addiction was irrelevant, immaterial and calculated to overwhelm and prejudice the jury. The motions were overruled, and on appeal the appellant invokes the time-honored general rule which excludes evidence of another offense or offenses wholly independent of the one charged. See Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077; Greer v. United States, 245 U.S. 559, 38 S.Ct. 209, 62 L.Ed. 469; Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168. There are many exceptions to this general rule, such as admissibility to show guilty knowledge, intent, design or mental predisposition. See Wigmore, 3d Ed., § 300 et seq.; Underhill Criminal Evidence, 4th Ed., p. 310 et seq.; Fairbanks v. United States, 96 U.S.App.D.C. 345, 226 F.2d 251; Harper v. United States, 99 U.S.App.D.C. 324, 239 F.2d 945; United States v. Wall, 7 Cir., 225 F.2d 905.

The government did not state the purpose for which the evidence was offered in chief; the trial court did not state the purpose for which it was admitted; indeed, in its very sketchy brief, the government has not suggested any legal basis for its admission. Obviously, it was not relevant to prove guilty knowledge, intent or design. It may have some relevancy to show a propensity to possess or deal in narcotics. Cf. Bracey v. United States, 79 U.S.App. D.C. 23, 142 F.2d 85; Fairbanks v. United States, supra, re the exception in sex cases. But conceding its relevancy and probative value for that limited purpose, the question is whether the evidential value outweighs the prejudicial effect upon the jury in the determination of guilt or innocence. While narcotic addiction is undoubtedly odious and opprobrious, it is not within itself a crime. The related statement was no more than a voluntary disclosure of his addiction which he readily admitted from the witness stand. Moreover, the statement contained a forthright denial that he sold that to which he was addicted. In this setting, the evidence would seem to be as favorable to innocence as guilt. In any event, we cannot say as a matter of law that it was clearly prejudicial or that the court abused its discretion in its admission.

The next point of error is that the appellant was denied a fair and impartial trial because some of the members of the convicting jury heard two prior narcotic cases in which the same government witnesses testified. On voir dire the jury were told, in the presence of counsel, that some of the government witnesses who had testified in prior narcotic cases would probably be witnesses in this case, and they were asked to state whether that fact would in any way affect their decision. The jury agreed that it would not, and when the court inquired whether there was any challenge for cause, counsel answered in the negative. No exceptions were made at any time to the panel or to any juror by reason of having sat on a prior narcotic case. No prejudice is shown and we perceive no fundamental error.

The court permitted the government witness or informer to testify concerning his motives in becoming an informant for the Bureau of Narcotics. The testimony, to which counsel objected, was obviously intended to bolster his credibility as an addict-informer. While it may have been irrelevant, it was not prejudicial.

The judgment is affirmed.