Maurice JONES, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18584.**

United States Court of Appeals
Eighth Circuit.

June 1, 1967.

Norman S. London, St. Louis, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for appellee.

Before VOGEL, Chief Judge, and GIBSON and HEANEY, Circuit Judges.

VOGEL, Chief Judge.

Maurice Jones, appellant herein, was tried and found guilty by a jury on a two-count indictment charging violations of 26 U.S.C.A. § 4704(a), which provides as follows:

"(a) *General Requirement.*—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package; and *the absence of appropriate taxpaid stamps from narcotic drugs taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found.*" (Emphasis supplied.)

Count 1 of the indictment provided:

"The Grand Jury charges:

"That on or about the 8th day of October, 1965, in the City of St. Louis, in the State of Missouri, within the Eastern Division of the Eastern District of Missouri,

MAURICE JONES,

the defendant, did unlawfully purchase from a person whose name is to the Grand Jury unknown, at and for a price to the Grand Jury unknown, a certain narcotic drug, to wit, 4.773, more or less, grams of heroin, which said narcotic drug the defendant did purchase other than in or from the original stamped package containing the same.

"In violation of Section 4704(a), Title 26, United States Code."

The second count charged a similar violation on or about the 22nd day of October, 1965, and involved 7.63 grams of heroin.

The government's testimony indicated that on October 8, 1965, and also on October 22, 1965, the appellant, after making arrangements with one Dudley Brown to sell him the narcotics referred to, brought the narcotics to Brown's home where, in the presence of Brown and under the observation of an agent of the Federal Bureau of Narcotics, he, on the first occasion, placed the narcotics on a coffee table and took the $150 left thereon in payment. On the second occasion Brown handed the money ($125) to the appellant, who handed the narcotics to him. Appellant chose to testify in his own behalf. He was his only witness. He denied the sales, denied that he was in Brown's home on the two occasions referred to, and claimed to have been elsewhere. Obviously, the jury chose to disbelieve him.

It is Jones' contention on appeal that the District Court erred in overruling his motions for judgment of acquittal at the close of the government's case and again at the close of the entire case because the evidence presented was at variance and did not correspond with the indictment. In other words, he argues that he was specifically charged with an unlawful *purchase* of narcotics but that the evidence offered by the government was completely at a variance in that it dealt only with the *sale* of narcotics. Factually, the appellant's statement is correct. The government's entire evidence disclosed possession and unlawful sales by the appellant. For establishment of unlawful purchases it relies on the statutory presumption contained in § 4704(a), supra, in that "possession" of narcotic drugs without the appropriate taxpaid stamps is prima facie evidence of a violation of the statute. Appellant cites to us a number of cases, but only one of which lends credence or support to his contention. It is from this court, Hood v. United States, 8 Cir., 1926, 14 F.2d 925, certiorari denied, 273 U.S. 765, 47 S.Ct. 570, 71 L.Ed. 880. In that case the ap-

pellant had been convicted upon each of three counts of an indictment charging respectively (1) the unlawful purchase of morphine on the 23rd day of July, 1925, (2) having unlawful possession of the same and (3) making an unlawful sale thereof, in violation of the Harrison Act, § 6287(g), Vol. 1, 1919 Supp., U. S. Compiled Statutes of 1916 (the predecessor of 26 U.S.C.A. § 4704(a)). This court held that the statutory presumption flowing from a showing of possession and sale was insufficient to sustain the conviction on Count No. 1 charging an unlawful purchase. The ruling in *Hood* was, however, effectively overruled by the Supreme Court two years later in Casey v. United States, 1928, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632. That case held that the statutory presumption arising out of possession was sufficent to sustain a charge of unlawful purchase and also of venue. Mr. Justice Holmes said, at page 418 of 276 U.S., page 374 of 48 S.Ct.:

"With regard to the presumption of the purchase of a thing manifestly not produced by the possessor, there is a 'rational connection between the fact proved and the ultimate fact presumed' (Luria v. United States, 231 U.S. 9, 25, [34 S.Ct. 10, 58 L.Ed. 101]; Yee Hem v. United States, 268 U.S. 178, 183 [45 S.Ct. 470, 69 L.Ed. 904]). Furthermore there are presumptions that are not evidence in a proper sense but simply regulations of the burden of proof. Greer v. United States, 245 U.S. 559 [38 S.Ct. 209, 62 L.Ed. 469]. The statute here talks of prima facie evidence, but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates. 4 Wigmore, Evidence, § 2494. It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts peculiarly within their knowledge and hidden from discovery by the Government. 4 Wigmore, Evidence, § 2486. In dealing with a poison not commonly used except upon a doctor's prescription easily proved, or for

a debauch only possible by a breach of law, it seems reasonable to call on a person possessing it in a form that warrants suspicion to show that he obtained it in a mode permitted by the law."

Since *Casey* we know of no court holding with *Hood*. This court and a number of the other Circuits have all followed the holding of *Casey* and accepted the statutory presumption.

Under a similar narcotics prosecution, this court said in Ware v. United States, 8 Cir., 1962, 309 F.2d 457, 459:

"* * * At the trial the government established through witnesses that the appellant had the narcotics in his possession at the corner of Ewing and Chouteau Streets in the City of St. Louis, Missouri, on August 21, 1954. This established the presumption that the appellant had illegally purchased it other than in or from the original stamped package and was prima facie evidence of a violation of the section under which he was charged, 26 U.S. C.A. § 4704, * * *."

In holding that possession established the statutory presumption of an unlawful purchase, we also concluded that the presumption included venue. We said, at page 462 of 309 F.2d:

"In view of Casey v. United States, supra, and the overwhelming number of Courts of Appeals cases in apparent harmony therewith, we conclude here that the statutory presumption following possession as being sufficient to establish a violation includes the presumption of venue. Any other result would, as stated above, effectively destroy the value of the presumption."

In Frazier v. United States, 1947, 82 U.S. App.D.C. 332, 163 F.2d 817, affirmed, 1948, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187, rehearing denied, 336 U.S. 907, 69 S.Ct. 488, 93 L.Ed. 1072, the court said at page 818 of 163 F.2d:

"Appellant contends there was no evidence that he *purchased* the drugs, or that he acquired them in the District. There was no direct testimony

on either point but none was necessary. The statutory 'prima facie evidence' clause, quoted above, covers both the fact of purchase and the place of purchase. 'The statute here talks of prima facie evidence, but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates.' Casey v. United States, 276 U.S. 413, 418, 48 S.Ct. 373, 374, 72 L.Ed. 632."

Also in Graham v. United States, 6 Cir., 1958, 257 F.2d 724, 729, the Court of Appeals for the Sixth Circuit stated:

"* * * It was not necessary to introduce evidence showing a purchase. Under the statute, absence of appropriate taxpaid stamps was prima facie evidence of a violation of the statute, including venue. Landsborough v. United States, 6 Cir., 168 F.2d 486, 488; Bateman v. United States, 6 Cir., 225 F.2d 91; Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632."

In Bateman v. United States, 6 Cir., 1955, 225 F.2d 91, the court stated:

"* * * Possession raises a presumption of illegal purchase and, accordingly, of venue. Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632; Anderson v. United States, 6 Cir., 189 F.2d 202. There was no satisfactory explanation made to the jury of appellant's possession of the narcotics."

See, also, Lewis v. United States, 1964, 119 U.S.App.D.C. 145, 337 F.2d 541, 545, certiorari denied, 381 U.S. 920, 85 S.Ct. 1542, 14 L.Ed.2d 440; United States v. Landry, 7 Cir., 1958, 257 F.2d 425, 430; Lott v. United States, 5 Cir., 1955, 218 F.2d 675, 681; Aeby v. United States, 5 Cir., 1953, 206 F.2d 296, 298–299, certiorari denied, 346 U.S. 885, 74 S.Ct. 136, 98 L.Ed. 390, rehearing denied, 346 U.S. 917, 74 S.Ct. 273, 98 L.Ed. 413; United States v. Chiarelli, 7 Cir., 1951, 192 F.2d 528, 532, certiorari denied, 342 U.S. 913, 72 S.Ct. 359, 96 L.Ed. 683, rehearing denied, 342 U.S. 950, 72 S.Ct. 551, 96 L.Ed. 706; Acuna v. United States, 5 Cir., 1934, 74 F.2d 359, 360.

Harris v. United States, 1959, 359 U.S. 19, 79 S.Ct. 560. 3 L.Ed.2d 597, rehearing denied, 359 U.S. 976, 79 S.Ct. 873, 3 L.Ed.2d 843, leaves no doubt whatsoever regarding the correctness of the later interpretations of the statute and the presumptions which arise from possession of narcotic drugs without the appropriate taxpaid stamps thereon. That case involved a two-count indictment charging petitioner with (1) the *purchase* of heroin from an unstamped package, in violation of 26 U.S.C.A. § 4704(a) and (2) receiving and concealing the same knowing it to have been unlawfully imported, in violation of 21 U.S.C.A. § 174. In affirming conviction on both counts, the Supreme Court, with respect to the violation of 26 U.S.C.A. § 4704(a), stated at page 23 of 359 U.S., page 564 of 79 S.Ct.:

"* * * Under the first count of the indictment, the prosecution must prove a purchase of narcotics, other than in or from the original stamped package. In order to establish these ultimate facts, the prosecutor may put on direct evidence of possession of the unstamped heroin and the statutory presumption of § 4704(a) then has the effect of establishing, prima facie, that there was in fact a purchase and that the purchase was other than in or from the original stamped package."

In the *instant case*, after the government had proved *possession* in the appellant of unstamped narcotics, it need have gone no further. It chose, however, to complete the testimony with reference to the transactions, thus establishing not only possession but actual sale and the receipt of the money therefor. By the overwhelming weight of authority, including the cases cited supra, and the Supreme Court cases of Harris and Gore v. United States, 1958, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405, rehearing denied 358 U.S. 858, 79 S.Ct. 13, 3 L.Ed. 2d 92, the proof of possession established prima facie evidence of a purchase such as set forth and proscribed by the statute.

This case is in all things affirmed.