OVERTON, J.
 

 Defendant was tried on the charge of breaking and entering the store of Hugh Goldsby with the felonious intent to rob and steal. The jury, after considering the case, returned the following verdict, to wit:
 

 “We, the jury, find the accused guilty as charged, and recommend suspended sentence.
 

 “[Signed] C. B. Pierce, Foreman.”
 

 After the foregoing verdict was rendered, defendant moved the court to sentence him “in accordance with the verdict of the jury”; that is to say, to sentence him, and then suspend] the sentence as recommended by the jury. The court overruled; this motion, and defendant reserved a bill of exceptions to the ruling. Later defendant was called to the bar for sentence, and the court sentenced him to not less than two nor more than three years in the penitentiary, vand, over the protest of defendant, refused to suspend the sentence imposed. Defendant again excepted to the refusal of the court to suspend, the sentence, and brings this case here by appeal to obtain relief from the refusal of the court to grant the suspension.
 

 Act 74 of 1914 provides for the suspension of sentence in misdemednor and felony cases. Section 1 of the act^ provides :
 

 “That when there is a conviction of any felony in the district court of this state, except murder, rape, perjury, burglary of a dwelling, robbery, arson, incest, bigamy, abortion, and assault with intent to rape,
 
 the court may suspend the sentence
 
 when the jury shall find in their verdict that the defendant has never before been convicted of a felony in this state or any other state and shall recommend that the sentence be suspended.” (Italics ours.)
 

 Section 2 of the act provides that—
 

 “The court shall permit testimony and submit the question in all felony trials, where there may be a conviction of any crime other than set out in section one hereof, as to ’the general reputation of the defendant to enable the jury to determine whether to recommend a suspension of sentence and as to whether the defendant has been eonvicted of a felony, but such testimony shall be submitted only upon the request of the defendant, provided that in 'all ■ cases
 
 sentence may he suspended
 
 if the jury recommends it in their verdict. Provided further that in such cases, if the sentence be suspended, neither the verdict of conviction nor judgment entered thereon shall become final, except under the conditions an'd in the manner and at the time provided for by Sec. 4 of this act.” (Italics ours.)-
 

 Section 3 of the act provides:
 

 “That when the jury
 
 recommends
 
 the suspension of sentence,
 
 the court may sentence the defendant,
 
 but
 
 suspend same,
 
 and the judgment of the court on that subject shall be that sentence of the judgment of conviction shall be suspended during good behavior of the defendant. By the term ‘good behavior’ in this act is meant that
 
 *715
 
 the defendant shall not be convicted of any felony during the time of such suspension.” ^Italics ours.)
 

 The contention of defendant is that, when the jury, in a felony case, in returning a verdict of guilty, recommend, where they may properly do so, a suspension of sentence, the court may do only one of two things, to wit, Cither (not impose sentence, or else impose and suspend it, and hence that under no circumstances may the court ignore the recommendation when it is within the province of the jury to make it and'sentence the defendant as'if no recommendation ■ had been made. Defendant bases his contention on the theory that the act is mandatory on the trial judge, in so far as relates to the suspension of sentence, in cases where the jury may and do recommend a suspension.
 

 In our view defendant is in error in his contention.. The act does not malee it mandatory on the judge, when the^jury recommend a suspension of sentence, either not to impose sentence or to impose it and 'suspend it. The purpose of the act is merely to authorize the judge, in a proper case, when the jury find the necessary fact to authorize a suspension of sentence and recommend the suspension, to suspend it. In other words, if the jury do find the necessary fact to authorize the suspension of sentence, and recommend the suspension, the judge may, or may not, as he deems proper, carry out the recommendation. If he concludes not to suspend tjie sentence, he may sentence the accused as if no suspension had been recommended:.
 

 That it is discretionary with the judge^ to suspend sentence or not, where the jury has recommended'the suspension, in a case in which the law authorizes them to recommend-it, we think clearly appears from the language ,of the statute. The only sections 'of the statute pertinent to the question here undqr consideration are the first three quoted above. The first and second of these clearly leave it discretionary with the judge to suspend the sentence or not, as he may deem proper, although the jury have recommended the suspension, for the language of the first section is, that “the court
 
 may
 
 suspend the sentence” if the jury find the necessary fact .upon which to base the recommendation, and recommend the suspension, and the language of the second section relative to suspension is, “that in all cases sentence
 
 may be suspended
 
 if the jury recommends it in their verdict.” (Italics ours.) Nor do we find anything in the third section that in any way alters the discretion vested in the trial judge by the first and second sections of the statute. The 'language of that section, as relates to the question under consideration, is “that, when the jury recommends the suspension of sentence, the- court may sentence the defendant, but suspend the same, and the judgment of the court on that subject shall-be that sentence of the judgment of conviction shall be 'suspended during good behavior of the defendant.” Here the language of the statute still leaves it discretionary with the judge-to suspend the sentence or not, as he may deem proper. The word “may” is implied after the word “but” and before the word “suspend” in the phrase “the court may sentence the defendant, but suspend the same” so as to make the phrase read: “The Court may sentence the defendant, but may suspend the same.” The wor,ds that follow this phrase merely provide the time during which the sentence shall be suspended, when the court concludes to impose and suspend it.
 

 In holding as we have, we appreciate and have not overlooked the fact that the word “may,” as sometimes used in statutes, is equivalent to “shall” or “must,” and, in such instances must be interpreted! accordingly, but the word, in the connections considered by us, i§ used in a permissive sense only, and is not the equivalent of “shall”,or “must.” In fact, the entire context of the statute shows thht the purpose of the statute is to
 
 *717
 
 authorize juries in certain cases to recommend, not to require, the suspension of sentences, and to leave it to the judge, when the recommendation is made, to suspend: the sentence or not, as he may deem proper.
 

 Our conclusion, therefore, is that the trial judge acted within his powers in refusing to suspend the sentence.
 

 The judgment appealed from is therefore affirmed.