O’NIELL, C. J.
 

 The appellant was convicted of the crime of perjury, and relies upon four bills of exception.
 

 The first hill was reserved to the overruling of a motion to quash the indictment on the ground, first, that only one of the members of the jury commission that selected the names from which the grand jury was drawn was appointed or sworn, and, second, that the list of names from which the grand jury was drawn was not published. The second bill of exception was reserved
 
 to
 
 the overruling of a motion to quash the jury venire on the ground also that only one member of the jury commission that drew the jury venire was appointed, or sworn. As far as the record shows, no proof was offered to sustain either the motion to quash the indictment or the motion to quash the jury venire. The presumption is that the jury commission was legally constituted and qualified, and that the list of names from which the grand jury was drawn was published, as required by law. Besides, it was decided in State v. Cullens, No. 29,976, ante, p. 976, 123 So. 645, that the- official capacity of a de facto jury commission is not subject to collateral attack. There is therefore no merit in either the first or the second bill of exception.
 

 The third hill was reserved to the overruling of a motion in arrest of judgment,
 
 *1138
 
 founded upon the proposition that the indictment did not charge any crime. The indictment is in the form prescribed in article 235 of the Code of Criminal Procedure, for an indictment for perjury. There is no plea on the part of the defendant that the form prescribed for an indictment for perjury is unconstitutional or violative of any fundamental right. In fact the attorney who took this appeal did not argue the case orally or file a ■brief. We do not find any merit in the third bill of exception.
 

 The fourth bill was reserved to the overruling of a motion for a new trial. The only now point of law made in the motion was that the judge had erred in charging the jury that the falsity of- the statement, which was alleged to be perjury, could be determined only from the facts and circumstances of the case. We do not see any error in the charge, as an abstract proposition of law; but it is sufficient to say that this bill- of exception is not well founded, because no complaint was made by the defendant or his counsel when the charge was given to the jury. Such a complaint comes too late in a motion for a new trial.
 

 The verdict and sentence are affirmed.