ODOM, Justice.
 

 Defendant was convicted of the crime of assault with a dangerous weapon with intent to kill, a crime denounced by Act No. 44 of 1890. He .was sentenced to hard labor for a period of not less than six nor more than eighteen months. This appeal is from that conviction and sentence.
 

 There are three bills of exception in the record. In connection with bill No. 1 it is necessary to state that the grand jury indicted defendant for the crime of assault with a dangerous weapon with intent to commit murder, as denounced by section 791 of the Revised Statutes, as ámended by Act No. 43 of 1890. He was arraigned on this charge, entered a plea of not guilty, and his case was set down to be tried on May S, 1937. On the day before the case was to he tried the district attorney had the accused, with his attorney, brought into open court, and in their presence announced that on further investigation of the case he had reached the conclusion that defendant was not guilty of assault with intent to murder, and proposed to enter a nolle prosequi in that case and file a bill of information against the defendant charging, him with the lesser offense of assault with intent to kill.
 

 Counsel for accused objected and offered to withdraw the former plea of not guilty and have the accused enter a plea of guilty to the charge made in the grand jury indictment, on the ground, as he stated, that “the indictment charged accused with a petty misdemeanor, whereas the information charged him with a crime.” In that he was mistaken.
 

 The judge, over counsel’s objection, permitted the district attorney to enter the nolle prosequi, and counsel for the accused reserved a bill to the court’s ruling. This bill is No. 1.
 

 The ruling of the court was correct. Article 329 of the Code of Criminal Procedure reads as follows:
 

 “The _ exercise of the power to enter, a nolle prosequi is a matter .that shall be subject to the sound discretion and control of the District Attorney, and in order to exercise that power he shall not have to obtain the consent or permission of the court.”
 

 There is no merit in bill No. 2. The facts in connection with the. reserva
 
 *67
 
 tion of this bill, as stated by the judge in his per curiam, are that defendant’s trial on the charge brought by the grand jury was set for May 5. The bill of information was filed on May 4, in the presence of the accused and his counsel. The district attorney asked that the case be tried on the following day, the date on which the trial of the other case was scheduled to take place. Counsel for the accused objected, and the judge ordered the case fixed for trial on May 8, the last day of the term. Bill No. 2 was reserved.
 

 We quote what the judge said in his per curiam to this bill:
 

 "Counsel for the defendant did not require any more time than was given him in which to summon witnesses and said counsel was not engaged in the trial of any case during the period from May 4, 1937, to May 8, 1937. * * * Nothing occurred during the trial of said case or at any time which indicated in any way that there was lack of witnesses for the defendant ' or that any evidence for the defense had been omitted or neglected, or- that there was lack of preparation on defendant’s case.”
 

 Over the objection of counsel for accused, the judge permitted the district attorney to call and examine as a witness a man named Wiggins Spooner, and bill No. 3 was reserved to the court’s ruling.
 

 The facts in connection with this bill, as stated by the judge in his per curiam, are that he had ordered all witnesses to he sequfesterbd;: that the’ district attorney hád requested'' that a subpoena be issued for Wiggins Spooner, but through oversight he was not subpoenaed; that the sheriff called the names of the witnesses who had been summoned and they were all put under the rule. Wiggins Spooner was. seated in the courtroom and heard the testimony of one and only one witness for the state. The district attorney became aware of the presence of this witness in the courtroom after the first witness had testified. The judge says:
 

 “The said Wiggins Spooner not having been summoned had not disregarded the said order of Court because his name was not called by the sheriff who did not know that said Wiggins Spooner was in Court and that his name had been unintentionally omitted by the District Attorney in his list of witnesses summoned to appear for the State. There was no connivance on the part of the District Attorney nor is there even a suggestion of bad faith on the part of anyone concerned in this matter. Under the circumstances the Court in his discretion allowed the witness, Wiggins Spooner, to testify.”
 

 Article 371, Code of Criminal Procedure, provides that the judge may at any stage of the trial order the sequestration of witnesses and that:
 

 “Any disregard of these provisions by a witness shall disqualify him from testifying and shall subject him to punishment for contempt; provided, that the judge may in all cases, in his discretion, permit any witness to testify; provided, further, that the issuance of such order shall not deprive either party of the right
 
 *69
 
 of calling or examining as a witness one who shall not have obeyed the order of sequestration, when such party shall show that the witness remained in court or otherwise disobeyed the order without the knowledge and without the connivance of the party calling him.”
 

 It is evident that the judge did not abuse his discretion in this case. Counsel for accused filed a motion for new trial, which was overruled. He also filed a motion in arrest of judgment, which motion also was overruled. As no bill of exception was reserved to the ruling of the court in either case, there is nothing for this court to review. The conviction and sentence are affirmed.