ROGERS, Justice.
 

 J. T. Young appeals from his conviction and sentence for two years in the penitentiary on an indictment which charged that he committed a battery with a dangerous weapon upon W. E. Cart. The crime charged in the indictment is denounced as aggravated battery by Article 34 of the Criminal Code which prescribes as the penalty for the commission of the crime imprisonment, with or without hard labor, for not more than ten years.
 

 Defendant complains that the judge erred in overruling his motions for a new trial and in arrest of judgment.
 

 At the request of the defendant the judge charged the jury, as provided by Article 530 of the Code of Criminal Procedure, that when any first offender is convicted of a felony, other than a capital offense, in any district court, the court may suspend the sentence and place the defendant on probation when the jury shall find that the defendant is a first offender and recommends that the sentence be suspended and that the defendant he placed on probation. The term first offender means that the offender shall not have been previously convicted of a felony under the laws of this State, or convicted under the laws of any other State or of the United States or of any country. The court may or may not follow such recommendation.
 

 The jury returned the following verdict: “We, the jury, find the defendant guilty as charged and ask the mercy of the court.”
 

 The ground set out by defendant in his motion as entitling him to a new trial is that the jury intended to return a verdict of guilty as charged with the recommendation that the sentence be suspended rather than the verdict which the jury actually returned. The defendant did not object to the form of the verdict at the time it was
 
 *205
 
 returned, but in an attempt to show that it was not the verdict which they intended to return, defendant called as witnesses .the five men who composed the jury. The district attorney objected to any testimony by the jurors which would tend to explain, qualify or impeach their verdict. After stating that he considered the obj ection was good, the judge admitted the testimony subject to the objection. All the jurors testified substantially that in finding the defendant guilty as charged and in asking the mercy of the court they intended to render a verdict which would enable the judge to suspend or not to suspend the sentence as he saw fit. At the conclusion of the hearing the judge denied the motion for a new trial and the defendant reserved a bill of exception.
 

 The issue raised by defendant in his motion is not one which entitles him to a new trial. Under the provisions of Article 530 of the Code of Criminal Procedure, it is not made the mandatory duty of the judge to suspend the sentence where the jury recommends its suspension. The code article leaves it to the discretion of the judge to suspend the sentence or not, as he may deem proper. The wording of the article is that the court may, and not must, suspend the sentence if the jury finds the necessary fact upon which to base the recommendation and recommends the suspension.
 

 It is discretionary with the judge to suspend the sentence or not where the jury has recommended the suspension in a case in which the law authorizes them to recommend it. State v. Evans, 159 La. 712, 106 So. 123.
 

 The judge, at defendant’s request, correctly charged the jury that it was within their province to recommend a suspension of the sentence but that the recommendation might, within his discretion, be disregarded.
 

 The judge, even with the recommendation of the jury for a suspended sentence, could have sentenced defendant to imprisonment with or without hard labor for any period of time not exceeding ten years. Since, after hearing the testimony of the jurors, he sentenced the defendant to serve two years in the penitentiary rather than to a short term in jail, a recommendation by the jury for a suspended sentence instead of the recommendation for the mercy of the court would not have availed the defendant.
 

 The jury had nothing whatever to do with the quantum or kind of punishment to be imposed upon the defendant and the sentence itself does not exceed the maximum penalty prescribed by law.
 

 In his motion in arrest of judgment defendant alleges that the indictment does not charge any crime known to the laws of this State. But defendant, neither in his motion nor by argument, shows wherein the indictment .fails to conform to the requirements of the law. The indictment appears to be drawn in conformity with the provisions of Article 235 of the Code of Crimi-nal Procedure and to adequately charge the crime of aggravated battery for which defendant was convicted.
 

 
 *207
 
 For the reasons assigned, the conviction and sentence appealed from are affirmed.