41 So.2d 76

**STATE v. WRIGHT.**

No. 39358.

April 25, 1949.

Rehearing Denied May 31, 1949.

Joseph C. Brocato, Shreveport, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Edwin L. Blewer, Dist. Atty., and Albert S. Lutz, Jr., Asst. Dist. Atty., Shreveport, for plaintiff-appellee.

FOURNET, Justice.

The defendant, Willie Wright, after his conviction but before sentence was imposed filed a motion in arrest of judgment, contending that the bill of information charging him with having on or about August 19, 1948, "committed simple burglary of the store and building located at 316 Strand Street, Shreveport, Louisiana, belonging to Tri-State Wholesale Produce Company, Inc." is defective in that it fails.

to set out any offense known to law, and, more particularly, fails to state the facts necessary to bring the act with which he is charged within the definition of the crime of burglary as set out in Article 62 of Act No. 43 of 1942, The Louisiana Criminal Code, since it is not charged that the entering was with the intention of committing a forcible felony or theft. Inasmuch as he reserved no bills of exceptions during the trial of his case, he relies for the reversal of his conviction and sentence on his appeal here on the trial judge's adverse ruling in denying this motion in arrest of judgment.

■ This court has on numerous occasions been called upon to pass upon indictments and informations drawn in conformity with the short forms prescribed in Article 235 of the Code of Criminal Procedure and, in each instance where they were found to be sufficient to properly inform the accused of the nature of the accusation lodged against him within the meaning and contemplation of Section 10 of Article I of the Constitution of 1921 and Article 227 of the Code of Criminal Procedure, they have been upheld. State v. Abeny, 168 La. 1135, 123 So. 807; State v. Miller, 170 La. 51, 127 So. 361; State v. Eisenhardt, 185 La. 308, 169 So. 417; State v. Digilormo, 200 La. 895, 9 So.2d 221; State v. Iseringhausen, 204 La. 593, 16 So.2d 65; State v. Young, 206 La. 202, 19 So.2d 48; State v. Pete, 206 La. 1078, 20 So.2d 368; State v. Ward, 208 La. 56, 22 So.2d 740; State v. Frazier, 209 La. 373, 24 So.2d 620; State v. Chanet, 209 La. 410, 24 So.2d 670; State v. Pizzolotto, 209 La. 644, 25 So.2d 292.

■ The test to be applied in such cases was very succinctly set out in the Ward case as follows [208 La. 56, 22 So.2d 741]:

"1. Is the indictment or information sufficient to inform the court what offense is being charged in order that the court might properly regulate the evidence sought to be introduced?

"2. Does the indictment or information inform the accused of the nature and cause of the offense with which he is being charged?

"3. Is the indictment sufficient on its face to support a plea of former jeopardy in event there is an attempt to try the defendant more than once for the same offense?"

■ The crime of simple burglary is defined in the Criminal Code to be "the unauthorized entering of any vehicle, water-craft, dwelling or other structure, movable or immovable, with the intent to commit any forcible felony or any theft therein, other than as set forth in Articles 60 and 61 (burglary in the nighttime, burglary in the daytime)." Article 62. The information returned against the accused in this case conforms precisely with the form set out in Article 235 of the Code of Criminal Procedure, as amended by Act No. 147 of 1942, and, in our opinion, meets the above test for it is clearly sufficient on its face to support a plea of former jeop-

ardy and to permit the judge to regulate the introduction of evidence; and while at common law burglary was formerly limited to the breaking and entering of a dwelling house *in the nighttime* with the intent to commit a felony therein, this definition has been broadened by legislative act in all jurisdictions to include the breaking and entering of other types of premises at any time of the day or night, with the result that the term "burglary" is today universally understood to connote the unlawful entry into the type of premise or structure described in the act with the intent to commit a felony. Consequently, the accused could not have failed to appreciate the nature of the charge lodged against him.

For the reasons assigned the conviction and sentence are affirmed.

O'NIELL, C. J., takes no part.