McCALEB, Justice.
Appellant was indicted for murder and found guilty of manslaughter. During the trial she reserved six bills of exception but, of these, only three, Nos. 1, 2 and 5, are being urged here for reversal of her conviction and sentence. We shall discuss them in their respective order.
When Dr. Richard L. Buck, Assistant Coroner, took the stand and was asked to state the findings, as shown by the proces verbal of the inquest, counsel for appellant obj ected to his evidence on the ground that the district attorney did not disclose, in his *563 opening statement to the jury, that the State would prove the specific cause of death or the condition of the victim’s body but merely that it intended to introduce the proces verbal. In support of this objection, which was overruled by the judge, counsel relies upon Article 333 of the Code of Criminal Procedure and State v. Silsby, 176 La. 727, 146 So. 684.
The contention is without substance. Article 333 requires an opening statement by the district attorney “ * * * explaining the nature of the charge and the evidence by which he expects to establish the same.” But this does not mean that 'he is obliged to give the name of each witness he intends to place on the stand. Appellant was informed by the opening statement that the proces verbal would be offered in evidence and it was to be assumed that the coroner, who conducted the inquest, would be called as a witness to identify it and corroborate the findings of the jury. In any event, if there was error, appellant can hardly claim that the admission of Dr. Buck’s testimony constituted a substantial violation of any of her constitutional or statutory rights. In the absence of such a claim, a reversal cannot be obtained. Article 557, Code of Criminal Procedure.
The case of State v. Silsby, relied upon by counsel, involved the question of the admissibility of a confession, where the district attorney failed to mention it in his opening statement. It is wholly without application here.
' The second bill of exception was taken to the judge’s action in overruling appellant’s objection to the admission in evidence of the proces verbal. There is no merit in the bill. Article 35 of the Code of Criminal Procedure declares, in part: “Upon the trial of the case the proces verbal of the inquest shall be competent evidence of death and the cause therefor, but not of any other fact.”
Bill of Exceptions No. 5 was reserved to the judge’s refusal to submit the following special charge to the jury: "Evidence of good character must be considered with the other evidence. If, however, the accused offers no evidence of good character the law presumes that she has a fair and respectable character, and does not permit any presumption of guilt to arise from her silence as to her character or from her failure to offer evidence on this point. That her character is bad can never be presumed.”
In arguing that the proffered charge is a correct statement of the law, counsel for appellant cites Underhill’s Criminal Evidence, Section 165, page 286, which supports his contention.
Notwithstanding this, we think that the judge correctly refused the special charge. The statement in Underhill’s Criminal Evidence that the Law presumes that the accused has a good character does not appear to be founded on sound reasoning. In fact, this court has held directly to the contrary in State v. Davis, 154 La. 295, 97 *565 So. 449, 455, where the judge refused a special charge — that the law presumes that every person has a good character and reputation — on the ground that the character of the defendant was not put at issue during the trial. In approving this ruling, we said: “This bill fails to show that any question whatever arose as to the character of the defendant in the case, and admits that no testimony of any kind as to the general reputation of defendant was adduced at the trial. The special charge was an attempt to get before the jury indirectly a presumption of defendant’s good character without any proof, and without giving to the state an opportunity to rebut such presumption by counter testimony.”
The foregoing analysis has been adverted to with approval by Professor Wigmore in his treatise on the law of Evidence.[1] In the Third Edition, Volume II, Section 290, pages 176, 177, it is stated: “But it is incorrect to say that the accused’s good character is prestimed; this inconsistently gives him the untrammeled benefit of evidence which, if he had introduced it, might have been disputed. What really happens, or ought to, is that defendant’s character is simply a non-existent quantity in the evidence; this distinction has sometimes been expressly pointed out.” (Italics are by the author).
The conviction and sentence are affirmed.

. See also Greer v. U. S., 245 U.S. 559, 38 S.Ct. 209, 62 L.Ed. 469, where the Supreme Court of the United States, through Mr. Justice Holmes, after recognizing that there had been some jurisprudence and textbooks of a contrary view, held that, in the absence of evidence as to the character of the accused, there is no presumption of good character which can be considered as evidence in his favor upon the question of guilt or innocence.