PONDER, Justice.
 

 The defendant, Luther Pearson, was charged with murder. He was tried, found guilty of manslaughter and sentenced to serve eighteen years in the penitentiary. He has appealed.
 

 The defendant reserved seven bills of exceptions, during the course of the trial, to the rulings of the trial judge.
 

 Bill of exception No. 1 was taken to the overruling of a motion for a change of venue. It is alleged in the motion that the citizens of La Salle Parish were so inflamed because of certain news articles and photographs allegedly placed on display that it was impossible for the defendant to
 
 *398
 
 obtain a fair and impartial trial in that parish. It was also alleged in the motion that it was impossible to secure a fair and impartial trial in the parish because of the relationship of the two deceased persons to the sheriff and one of his deputies.
 

 Ulis Floyd, a State Trooper, and his son, Donald Floyd, were killed on the night of February 3, 1952 in the Parish of La Salle. The defendant and one, Martin Jackson, were jointly indicted in the month of March, 1952 for the murder of Ulis Floyd. A change of venue was granted to Caldwell Parish upon a motion of defendants which was acquiesced in by the State. The de-. fendant and Jackson were jointly tried in the Parish of Caldwell in June of 1952 and the jury failed to reach a verdict thereby resulting in a mistrial. They were thereafter tried in January of 1953 and both were acquitted. In March, 1953 the Grand Jury of La Salle Parish indicted the defendant and Jackson jointly for the murder of Donald Floyd. A motion for change of venue was filed, tried and overruled by the court. This bill of exception was taken to this ruling of the court.
 

 It appears from the per curiam of the trial judge that more than one year had elapsed since the occurrence of the homicide and the time the defendant was tried for the crime in La Salle Parish. The trial judge states that there was no demonstration of hostility towards the defendant during that period of time. The trial judge was of the opinion that the ex- ■ citement had subsided. The jury was selected with four peremptory challenges unused on each side. A verdict of acquittal was returned with respect to Martin Jackson and the lowest responsive verdict to the indictment was returned with respect to the defendant herein. The testimony taken on the motion does not appear to preponderate either way. Under the circumstances it would be impossible for us to say that the trial judge erred in his ruling.
 

 In the case of State v. Roberson, 159 La. 562, 105 So. 621, we considered a motion for a change of venue, where six months had elapsed since the first trial of the case without any demonstration of hostility towards the accused and where the jury was selected without difficulty, and held therein that the motion was properly overruled. It is well settled that a motion for a change of venue is addressed to the sound discretion of the trial judge and that his ruling thereon will not be disturbed unless abuse of discretion is shown. State v. Carricut, 157 La. 140, 102 So. 98; State v. Leming, 217 La. 257, 46 So.2d 262; State v. Washington, 207 La. 849, 22 So.2d 193; State v. Collier, 161 La. 856, 109 So. 516.
 

 Bill of exception No. 2 was taken to the following portion of the trial judge’s charge to the jury, viz.:
 

 “Thus if it be found that at the same place and immediately preceding' the killing of Donald Floyd, the de
 
 *400
 
 fendants had killed or inflicted a serious injury upon Ulis Floyd, the father of Donald Floyd, the facts and circumstances of said killing or injury are inseparably connected with the conflict resulting in the killing of Donald Floyd, and are to be considered by the jury along with all other relevant testimony in determining who was the aggressor in the conflict between defendants and Donald Floyd.
 

 “Hence, if it be shown that defendants had killed Ulis Floyd or inflicted great bodily harm upon him, but that same was done justifiably in self-defense, that fact would give rise to an inference that the defendants were justified in resisting the- attack of Donald Floyd provoked by the killing of Ulis Floyd, if in fact such attack placed them in great danger of being killed or of receiving great bodily harm. On the other hand, if it be found that the killing or injuring of Ulis Floyd was without justification, the Jury should consider that fact in connection with all other relevant evidence in determining whether or not defendants brought on the fatal difficulty with Donald Floyd.”
 

 It appears that the defendant reserved this bill of exception on the ground that this portion of the charge was not a correct statement of the law applicable to the case. It was not pointed out at that time in what respect it was incorrect.
 

 Under LSA-R.S. 15:391 any ob-’ jection to a charge shall be by means of a bill of exception accompanied by a statement of facts showing the error in the charge.given. In other words, the purpose of the law is to call the trial judge’s attention to the error complained of and afford him an opportunity to correct it. A mere statement that it is incorrect is not sufficient. LSA-R.S. 15:391; State v. Linam, 175 La. 865, 144 So. 600; State v. Ricks, 170 La. 507, 128 So. 293; State v. Covington, 169 La. 939, 126 So. 431; State v. Guillot, 200 La. 935, 9 So.2d 235; State v. Stracner, 190 La. 457, 182 So. 571.
 

 Bills of exception Nos. 3 and 4 relate to' the same issue of law and are herewith considered together. These bills were taken when the State introduced evidence to show the condition of Donald Floyd, the deceased, with reference to his vision and the manner in which he walked. Both objections were to the effect that this evidence was not covered in the opening statement of the district attorney.
 

 Article 333 of the Code of Criminal Procedure, LSA-R.S. 15:333, requires the district attorney to make an opening statement explaining the nature of the charge and the evidence by which he expects to establish same. State v. Winey, 216 La. 560, 44 So.2d 115. It does not require the district attorney to give in minute detail all of the evidence that he intends to produce or the name of each witness he intends to place on the stand.
 

 
 *402
 
 Bills of exception Nos'. 5 and 6 involve the same issue. They were taken to the trial judge’s ruling permitting two witnesses of the State, who were present during.a portion of the trial, to testify relative to the reputation of the deceased, Ulis Floyd, notwithstanding an order to sequester the witnesses had been previously issued. The trial judge in his per curiam states that since no opening statement was made on behalf of the defendant that it was impossible for the State to anticipate that the reputation of the deceased, Ulis Floyd, would be put at issue.
 

 Under the provisions of LSA-R. S. 15:371, authorizing the sequestration of witnesses, it is provided therein that the trial judge may in all cases in his discretion permit any witness 'to testify. State v. Foster, 164 La. 813, 114 So. 696; State v. Wiggins, 188 La. 64, 175 So. 751. Under the circumstances presented, it does not appear that the trial judge abused his discretion.
 

 Bill of exception No. 7 was taken to the overruling of a motion for a new trial. The substance of the six bills of exceptions heretofore disposed of are alleged in the motion and in addition thereto it is alleged that the trial judge gave additional instructions at the jury’s request, which were prejudicial to the defendant’s rights. It does not appear from the record that any objection was made or any bill of exception was timely taken. It is well settled that such matters cannot be presented for the first time in a motion for a new trial. State v. Abeny, 168 La. 1135, 123 So. 807; State v. Boone, 194 La. 977, 195 So. 511.
 

 It is alleged in the motion for a new trial that one of the jurors exhibited a large roll of money immediately after the trial and stated that serving on the jury beat working for money. This statement does not indicate that the juror was guilty of any improper conduct or that he had acted improperly in any way in deliberating and reaching a verdict.
 

 It is alleged in the motion for a new trial that a juror held a whispered conversation with a deputy sheriff while the juror was sitting as a member of the jury and that a deputy sheriff slept in the jury room during the time that the jury was deliberating. There is no evidence that the deputy sheriff was present in the room when the jury was deliberating. There was no objection made to the alleged whispered conversation or bill of exception reserved. Consequently, there is nothing to review.
 

 It is alleged in the motion for a new trial that a juror made remarks expressing his opinion on the guilt of the accused and his codefendant to the effect that “they both should be executed, we do not need that kind of people in the country.”
 

 The testimony relating to this allegation is to the effect that the juror testified on his voir dire examination that he
 
 *404
 
 had formed an opinion but that it was not fixed and would yield to the evidence. He was accepted and there was no challenge to excuse this juror for cause. The defendant had not exhausted his peremptory challenges. He took his chances of getting an acquittal with this juror although he knew he had an opinion and he is not now, after verdict, entitled to a new trial on the ground that he has been prejudiced. State v. Hayden, 171 La. 495, 131 So. 575.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 LE BLANC, J., absent and takes no part