271 So.2d 857 (1973)
STATE of Louisiana
v.
Thomas Willie WILLIAMS.
No. 52855.
Supreme Court of Louisiana.
January 9, 1973.
Rehearing Denied February 8, 1973.
*858 John J. Dolan, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
The defendant, Thomas Willie Williams, was found guilty of the crime of aggravated rape, La.R.S. 14:42, in a trial by jury, and sentenced to serve life imprisonment at the Louisiana State Penitentiary. On this appeal, the defendant relies on six bills of exceptions reserved and perfected during the trial in order to obtain a reversal of his conviction and sentence.
Bill of Exceptions No. 1 was reserved to the trial court's ruling denying defendant's motion for a continuance. The motion was made on the grounds that the defendant's witnesses had not appeared for the trial. However, subsequent to the filing of the objection to the court's ruling and just prior to the calling of the prospective jurors, the defense witnesses made their appearances. Therefore, this bill reserved on behalf of the defendant is moot.
Bill of Exceptions Nos. 2, 3 and 4 were all reserved when the prosecution was allowed to introduce into evidence nineteen exhibits consisting of items found at the scene of the rape and evidence cards to identify the items. The defendant objected to the introduction of this evidence, on the ground that the state failed to show the necessary "chain of evidence" to link the evidence with the crime.
We find that the evidence was properly admitted by the trial court. All of the exhibits were recovered by the police officers at the scene of the rape, and identified by the victim of the rape. The criminologist who performed tests on the items definitely established the necessary "chain of evidence" to allow their introduction. *859 (R-63-76). Furthermore, the record reflects that the state had at one time during the trial offered these exhibits (with the exception of S-10) and they were introduced without objection from defense counsel. However, the state re-offered the exhibits later in the trial and at this time counsel for the defendant saw fit to object. Under these circumstances the items objected to were already in evidence at the time of the objection. Therefore, we find that the bill of exceptions is without merit.
Bill of Exceptions No. 5 was reserved to the trial court's overruling an objection to the state's introduction of a statement made by the defendant to police officers. The statement was introduced during the rebuttal testimony of Officer Errol Taylor, for the purpose of impeaching testimony given by the defendant when he took the stand. The defense counsel objected to the introduction of the statement on the grounds that it was not shown that the Miranda warnings were given the defendant prior to his making the statement.
We find there was sufficient testimony of the officer in the state's case in chief for the trial court to conclude that the Miranda warnings were given to the defendant prior to his making the statement, and that the statement was voluntary. Furthermore, in view of the United States Supreme Court's decision in the case of Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), the statement made by the defendant to the officer would be admissible to impeach testimony given by the defendant even though the Miranda warnings were not given. Thus, the bill of exceptions is without merit.
Bill of Exceptions No. 6 was reserved when the state was allowed over defendant's objection to call Ann Barnett as a rebuttal witness for the purpose of impeaching testimony given by the defendant. The grounds for the objection by defense counsel was that the witness had been in the courtroom during the testimony of the other witnesses who had been under the rule of exclusion provided by La.C.Cr.P. Art. 764.
The trial court is given wide latitude to determine whether a witness who has heard testimony of other witnesses who were under the rule of exclusion may testify. In the instant case the court found that the witness called by the state was not originally on the state's witness list and she was not present during the entire testimony. The judge was also satisfied that the state was acting in good faith in failing to call the witness until rebuttal after she had heard some of the testimony.
We find that there was no abuse of discretion by the trial court in allowing the witness to testify. State v. Dean, 252 La. 43, 209 So.2d 16 (1968); State v. Wiggins, 188 La. 64, 175 So. 751 (1937). This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, Justice (concurring).
This court should not adopt the rule of Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1. It is a permissible rule only. Moreover, the statement is dictum in this opinion.