**Thomas Willie WILLIAMS, Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Warden, et al., Defendants-Appellees.**

No. 83–3001.

United States Court of Appeals, Fifth Circuit.

March 26, 1984.

Ralph S. Whalen, Jr., New Orleans, La. (court-appointed), for petitioner-appellant.

John H. Craft, William R. Campbell, Asst. Dist. Attys., New Orleans, La., for defendants-appellees.

Before RUBIN and RANDALL, Circuit Judges, and MITCHELL,* District Judge.

ALVIN B. RUBIN, Circuit Judge:

The habeas corpus petitioner questions the voluntariness of an incriminating statement that was used to impeach his testimony in a state criminal proceeding. He was denied a hearing by the state trial court. The state supreme court found that the voluntariness of the statement was established by the record. While a criminal defendant is constitutionally entitled to a hearing on the voluntariness of any confession or incriminating statement used against him, we find that the state court's conclusion that the statement was in fact voluntary is supported by the record. We, therefore, affirm the denial of habeas relief. As a prelude to addressing the merits of that claim, we consider the failure of the petitioner to exhaust state remedies for a potential claim that was not included in the petition for habeas corpus and not properly presented to us for review, and decide that exhaustion of such a claim not considered by the district court or by us is not a prerequisite under § 2254.

### I.

Thomas Willie Williams was convicted of aggravated rape and sentenced to life imprisonment in 1971. During his state trial, Williams took the stand to deny, among other things, that he had bound the hands of the rape victim. To impeach his testimony, the prosecution adduced the testimony of one of the police officers who had arrested him and transported him to jail. The officer testified that, en route to "Central Lockup," Williams had admitted tying the victim's hands. Before the prosecutor had elicited this testimony, Williams's trial counsel objected to examination on this subject and requested that the court remove the jury and require the state to "lay a predicate [by showing the defendant's statement] was freely and voluntarily

made." The trial court overruled the objection, holding the testimony admissible to impeach the defendant's contradictory testimony.

The Louisiana Supreme Court affirmed Williams's conviction. *State v. Williams,* 271 So.2d 857 (La.1973). It held that the officer's rendition of Williams's statement was admissible for impeachment purposes under *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), and found that the statement was made voluntarily and after *Miranda* warnings had been read to the defendant. 271 So.2d at 859. The federal district court dismissed Williams's subsequent petition for a writ of habeas corpus. It considered the state supreme court's finding of voluntariness fairly supported by the record and dispositive of the federal constitutional claim.

### II.

In his original (pro se) brief on appeal, Williams argued only that the state supreme court and the federal district court had erred in their resolution of the claim that the testimony of the arresting officer should not have been admitted because the voluntariness of Williams's statement had not been demonstrated. Before oral argument, we appointed counsel and called for supplemental briefs on a different issue: whether the testimony was inadmissible under a retroactive application of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), which forbids the admission of confessions made after an unsatisfied request for counsel for purposes other than impeaching the defendant's testimony.[1]

Williams's supplemental brief predictably argued that *Edwards* should be applied retroactively, and that, through either retroactive application of that decision or application of the law of this circuit at the time of the trial, Williams's statement was inadmis-

---

* District Judge of the Eastern District of Louisiana, sitting by designation

1. The Supreme Court has since held that *Edwards* should not be applied retroactively. *Solem v. Stumes,* —— U.S. ——, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984).

sible because it was obtained through interrogation following an unsatisfied request for counsel. The state argued that the *Edwards* doctrine permits the admission of uncounseled incriminatory statements for the limited purpose of impeaching the defendant's testimony. The supplemental brief filed by Williams had already observed, however, that no instruction had been read to the jury limiting its consideration of the testimony to impeachment. This assertion was urged both as a factual response to the state's argument and as an independent legal argument: if the court had not erred by admitting the evidence, it had committed plain error by neglecting to give a limiting instruction.

At oral argument the state asserted the defense that Williams had not exhausted his state remedies with regard to the alleged plain error by presenting it in his state appeal. The state's attorney waived exhaustion as to the argument that Williams's statement was inadmissible as uncounseled but asserted the defense against the assertion that no limiting instruction had been given.

█ Federal district courts are required by 28 U.S.C. § 2254 to dismiss "mixed" habeas corpus petitions containing both exhausted and unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Considering a mixed petition in *Burns v. Estelle,*[2] we interpreted *Rose* to forbid appellate review of the exhausted claims already ruled on by a district court that should instead have dismissed the entire petition for including other, unexhausted claims.[3] Neither decision, however, prevents us from addressing the merits of Williams's exhausted claim that his statement was inadmissible because its voluntariness was not established, for that

was the only claim presented to the district court in Williams's pro se petition for habeas corpus. As the only claim presented to and ruled on by the district court, it is the only one properly before us for review. We therefore proceed to review only whether the statement was inadmissible because its voluntariness was not established by the state.[4]

### III.

█ Even if true in substance, the admission of a criminal defendant's involuntary confession denies him the due process guaranteed by the fourteenth amendment. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The requirement that the statement be shown to have been voluntary applies whether it is offered in rebuttal of the defendant's testimony or as part of the state's case-in-chief. In *Mincey v. Arizona,*[5] the Supreme Court flatly rejected the argument that, like uncounseled confessions, involuntary ones may be admitted if solely for impeachment: *"any criminal trial use against a defendant of his involuntary statement is a denial of due process of law, even though there is ample evidence aside from the confession to support the conviction."* 437 U.S. at 397, 98 S.Ct. at 2416, 57 L.Ed.2d at 303 (emphasis in original). While no hearing was held on the voluntariness of Williams's statement before the testimony about it was admitted, the police officer did later testify about the circumstances under which it was made. This testimony indicated that the statement was entirely voluntary and Williams has never proffered any evidentiary material or even an allegation that it was not entirely voluntary, in fact and in law. The judge made no findings concerning the state-

---

**2.** 695 F.2d 847 (5th Cir.1983).

**3.** Thus we abandoned the rule of *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir.1978) (en banc).

**4.** Nothing in our opinion is intended to preclude state consideration of any other claims that may be available to Williams, including those briefed to this court but not properly before us for review.

**5.** 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978).

ment's voluntariness, but did instruct the jury on this subject.[6]

The Supreme Court has repeatedly condemned the procedure followed by the trial court as inadequate to protect the rights of the accused. Because a jury cannot realistically be expected to exclude consideration of the truthfulness of a confession from assessment of its voluntariness or to disregard a confession thought to be true but found to be involuntary, the requirements of due process cannot be satisfied by instructing the jury to disregard a confession unless it first finds the statement to have been voluntarily rendered.[7] Due process requires instead a fair hearing that provides a reliable determination of voluntariness.[8] "[The] jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given." *Sims v. Georgia*, 385 U.S. 538, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967). Moreover, the state bears the burden of persuading the court by at least a preponderance of the evidence that the confession was voluntary.[9]

As we have observed, however, the Louisiana Supreme Court specifically found that Williams confessed voluntarily. The habeas corpus statute requires federal courts to presume correct the findings of a state appellate court, if fairly supported by the record. 28 U.S.C. § 2254(d), as explained in *Sumner v. Mata.*[10] The voluntariness of a confession is a mixed question of law and fact;[11] determinations of historical fact underlying the ultimate conclusion are governed by the statutory presumption, though the governing standard for purposes of the federal Constitution is not.[12] The state supreme court made no subsidiary findings, but stated simply, "We find there was sufficient testimony ... for the trial court to conclude ... that the statement was voluntary." 271 So.2d at 859. Because Williams challenges this statement solely as a matter of historical fact, and not as based on an application of the wrong legal standard, we review it as such. The district court determined that the state court's finding is fairly supported by the record, and we agree.

■ Despite the statement to the contrary in the state court's opinion, the prosecution presented no evidence in its case-in-chief that suggested even the existence of an incriminating statement, not to mention the voluntariness of its rendition. In cross-examining the officer who testified to Williams's confession, however, defense counsel elicited evidence of voluntariness: the officer testified that both he and his partner were in the front seat of the patrol car, separated by a grating from Williams, who

6. That part of the jury instruction in its entirety is as follows:

> The prosecution seeks to offer into evidence a statement of guilt by the defendant, or an inculpatory statement. The involuntariness or lack thereof is a question of fact, and as all questions of fact it will be passed on by the jury. It is for you to say if all the evidence in the statement or inculpatory statement was made freely and voluntarily.
> You are further instructed that a confession of guilt, or inculpatory statement, is just another species of evidence, or to put it another way, another fact in this case.
> As you have been previously instructed the weight and facts of the testimony is up to you, the jury, to determine. In consequence of this rule of law you are free to believe or disbelieve that such a statement was made by the defendant, or if you believe that one was made you are free to believe or disbelieve in whole or in part if it was made freely and voluntarily on the part of the defendant.

7. *Jackson v. Denno,* 378 U.S. at 385–87, 84 S.Ct. at 1786–87, 12 L.Ed.2d at 920–21 (1964).

8. *Id.,* 378 U.S. at 376–78, 84 S.Ct. at 1780–81, 12 L.Ed.2d at 915–16.

9. *Lego v. Twomey,* 404 U.S. 477, 490, 92 S.Ct. 619, 627, 30 L.Ed.2d 618, 628 (1972); *United States v. Martinez-Perez,* 625 F.2d 541, 542 (5th Cir.1980); *Martinez v. Estelle,* 612 F.2d 173, 177 (1980).

10. 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1982).

11. *Brantley v. McKaskle,* 722 F.2d 187 (5th Cir.1984).

12. *Id.; Marshall v. Lonberger,* —— U.S. ——, ——, 103 S.Ct. 843, 849, 74 L.Ed.2d 646, 656 (1983); *Sumner v. Mata,* 455 U.S. 591, 596–98, 102 S.Ct. 1303, 1306–07, 71 L.Ed.2d 480, 485–87 (1982).

rode in the back; that Williams was advised to consult with an attorney before making any statement; that they proceeded directly to "Central Lockup"; and that Williams made the statement during routine questioning. No witness gave testimony suggesting that Williams was subjected to coercion during his trip to the jail—not even Williams himself. He testified that the officers asked him questions, some "crazy" and others routine, and that he simply slept through most of the ride, ignoring most of the questions. He did not testify that the officers abused, threatened, harassed, or intimidated him. No additional facts have been alleged in the habeas action. Nor has Williams alleged that, given an opportunity to present evidence in the absence of the jury, the record would have been different.

Thus, the admission of Williams's statement violated his right to an evidentiary hearing and to a finding of voluntariness before the jury heard the testimony, but it did not violate his right to be free from conviction based in part on an involuntary confession. We are persuaded beyond reasonable doubt that the procedural error was harmless.[13] As explained above, no evidence has been offered and no allegation has been made that Williams was subjected to any form of coercion.

The Supreme Court has remanded for hearings on voluntariness several cases employing a procedure almost identical to that employed in Williams's trial.[14] It has never done so, however, when presented with record evidence of voluntariness and no evidence or specific allegations of coercion. Given no reason to believe that the procedural defect in this case prejudiced Williams's ability to rebut the state's evidence that the confession was voluntarily rendered, we decline to remand for an evidentiary hearing on this issue. Therefore, the district court's order dismissing the petition for habeas corpus is AFFIRMED.

---

**13.** *Chapman v. United States,* 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 710 (1967). Williams argues that the introduction of an involuntary confession not proved voluntary requires reversal notwithstanding harmlessness. This argument, however, does not bar a confession proved voluntary in a procedurally flawed trial.

**14.** *See Jackson v. Denno,* 378 U.S. at 390–93, 84 S.Ct. at 1788–89, 12 L.Ed.2d at 923–29; *Sims v. Georgia,* 385 U.S. at 544 & n. 2, 87 S.Ct. at 643 & n. 2, 17 L.Ed.2d at 598 & n. 2.