Gloria Simon AUCOIN,
Petitioner-Appellant,

v.

Warden JONES, Louisiana Correctional Institute for Women,
Respondent-Appellee.

No. 84-4330
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 2, 1985.

Gloria S. Aucoin, pro se.

Kenneth O. Privat (Court-appointed), Crowley, La., for petitioner-appellant.

---

6. Record Vol. 4 at 22–23.

7. Record Vol. 5 at 115–16.

8. Record Vol. 4 at 28–29.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., J. Nathan Stansbury, Dist. Atty., Lafayette, La., *for respondent-appellee.*

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

■ At the outset of this appeal from denial of a state prisoner's petition for statutory habeas relief,[1] we face an exhaustion problem: her appointed counsel advances to us four issues that have been presented neither to the state courts nor to the federal district court from whose judgment she appeals. We cannot, therefore, properly consider them. *Burns v. Estelle,* 695 F.2d 847 (5th Cir.1983), citing *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). It is the rule of our Circuit, however, that where unexhausted claims are drawn before us on appeal which were not presented to the district court—claims that because of the latter circumstance we would not ordinarily consider in any event—and the only remaining issue or issues presented were both exhausted and presented to the federal trial court, we will dismiss the former, improperly presented issues without prejudice and review the latter. *Williams v. Maggio,* 727 F.2d 1387 (5th Cir.1984). We do so today.

■ The sole issue properly before us is whether the evidence presented at her state trial was, when considered in the light most favorable to the judgment of conviction, such that a rational trier of fact could have found that the essential elements of her crime were proved beyond a reasonable doubt. *Bujol v. Cain,* 713 F.2d 112 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984), citing *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Specifically, petitioner contends that because of evidence that she was on drugs at the time that she murdered her young daughter, the evidence could not have been sufficient to permit a proper finding that she was capable of forming the requisite specific intent to kill. A psychiatric expert testified, however, that in his professional opinion she was capable of forming that intent despite her drugged condition. There it ends.

The claims advanced in petitioner's first four points on appeal are dismissed without prejudice to their proper presentation elsewhere. The judgment of the trial court on her exhausted claim is

AFFIRMED.