I,WOODARD, Judge.
This appeal arises from the dismissal of defendant’s indictment for first degree murder on the grounds that the statutory time period for commencement of trial had elapsed.
FACTS
Defendant, Elaine Jones, was indicted on July 31, 1990 for the first degree murder of Lois Boagni. She filed a motion to quash the indictment on August 2, 1990, which was scheduled to be heard on August 24,1990. A search of the record and request to the St. Landry Parish Clerk’s office has revealed no such hearing, but defendant filed a substantively identical motion to quash on October 9, 1990. The trial court denied this motion at a hearing held on October 19, 1990.
Defendant and the state exchanged several discovery motions in late 1990 and early 1991, but no further action was taken to bring the matter to trial until October 12, 1993, when the state moved to have the matter set for trial on October 18, 1993. Defendant filed a motion for continuance on October 15,1993, which the trial court granted. On November 2, 1993, the state again moved to set the matter for trial, and the court set jury selection for December 6,1993.
|2Pefendant again moved to quash the indictment on November 24,1993, arguing that she could no longer be prosecuted for the crime because the time prescribed by statute for prosecution of a capital offense had elapsed. The trial judge took the matter under advisement after a hearing on December 3, 1993, and granted defendant’s motion on June 21, 1994 without giving reasons. *111 The state now appeals, alleging that the court erred in dismissing the indictment.
LAW
Trial for a crime punishable by death must begin within three years after the institution of prosecution against the defendant. La.C.Cr.P. art. 578. Prosecution against defendant in the case sub judice commenced with the return of the grand jury indictment on July 31, 1990. The date of the act or event after which a time period prescribed by law begins to run is not included when calculating that period. La.C.Cr.P. art. 13. Consequently, the time for commencing defendant’s trial began to run the day after the indictment was returned, or August 1, 1990.
Filing a motion to quash suspends the time for commencing trial until the motion is decided. La.C.Cr.P. art. 580. Thus, the time limit for commencement of defendant’s trial was suspended when she filed her first motion to quash on August 2, 1990 and remained suspended until the matter was resolved by the trial court’s ruling on the second, substantially identical motion on October 19, 1990. Again, the date of the act or event after which a period of time begins to run is not included in computing the period, La.C.Cr.P. art. 13, and suspension of the time for commencing trial of defendant therefore began to run on August 3,1990, the day after she filed her first motion to quash. The final day of a time period is included, however, La.C.Cr.P. art. 18, and therefore the time for commencing trial began to run again on October 20, 1990, the day after the trial court denied the motion. Subtracting the two days that ran between the filing of the indictment and the filing of the first motion to quash, trial should have begun no later than three years from October 18, 1990, or October 18, 1993. Pursuant to the state’s October 12, 1993 motion to set trial, defendant would have been brought to trial on October 18, 1993, which would have been within the statutory deadline.
On October 15, 1993, defendant filed and was granted a motion to continue on the grounds of inadequate notice of trial, the state’s failure to comply with discovery requests, and ineffective assistance of counsel. A motion to continue filed by a ^defendant suspends the time for commencing trial until it is decided. La.C.Cr.P. arts. 578, 580; State v. Ebey, 452 So.2d 1309, 1311 (La.App. 3 Cir.1984); State v. Cranmer, 306 So.2d 698, 700 (La.1975). In the case sub judice, the time limitations were suspended only for one day because the motion to continue was ruled upon the same day that it was filed. However, the state is always permitted at least one year to bring a ease to trial following any suspension of the statute of limitations for commencement of trial. La.C.Cr.P. art. 580. Thus, the state had one year from October 15, 1993 to commence trial.
Defendant argues that the state’s Motion to Set Trial “was not a meaningful attempt to commence a trial in this matter” because the parties could not legally have brought the case to trial by October 18,1993, only 6 days after the motion was filed. According to defendant, the motion to continue did not suspend the statute of limitations because it was necessary to protect her constitutional rights to due process, effective counsel, and a fair trial. Additionally, the state made no attempt to summon potential jurors or subpoena any witnesses for the trial.
An accused must be permitted a reasonable amount of time in which to prepare her case before she is brought to trial. C.J.S., Criminal Trial § 178. In Louisiana, a defendant must be given notice of trial sufficiently in advance thereof to enable her to summon her witnesses. La.C.Cr.P. art. 702. The Louisiana Supreme Court has held that four days’ notice of trial was sufficient when defendant was able to summon his witnesses, his counsel was not otherwise indisposed on the date of the trial, and there was no evidence that he was not prepared for trial. State v. Wiggins, 188 La. 64, 175 So. 751, 752 (1937). In order to prevail on a claim that the prosecution is “rushing the case to trial precipitately,” such as in the case sub judice, a defendant must show that the time before the trial was insufficient to permit her to prepare her defense fully, or that some other harm has resulted. State v. Poe, 214 La. 606, 38 So.2d 359, 365 (1948).
Defendant has alleged neither that she was left with insufficient time to summon her *112 witnesses nor that she was otherwise prejudiced in any particular manner by the shortness of her notice of trial. She had more than three years after her indictment to prepare her defense, and in any event the trial court granted her motion for continuance, so that her constitutional rights were never actually threatened. Defendant’s mere allegations of general prejudice are insufficient to support her claim that her rights would have been violated if trial had been held as requested by the state. Thus, the state could have properly brought this matter to trial on October 18,141993, prior to the expiration of the time period for doing so, and only defendant’s motion to continue prevented the state from doing so. Consequently, the motion to continue suspended the statute of limitations and provided the state one year from the date that motion was decided to bring the case to trial.
Accordingly, the trial court erred as a matter of law in dismissing the indictment against defendant on the grounds that the prescribed time for commencing trial had elapsed.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court granting defendant’s “Motion to Squash [sic] Because of Running of Statute of Limitations” and remand the matter for further proceedings.
REVERSED AND REMANDED.